# DURHAM *v.* UNITED STATES

No. 5928: Decided March 8, 1971

PER CURIAM.

Petitioner was convicted of having knowingly possessed a counterfeit $20 bill. After the Court of Appeals for the Ninth Circuit affirmed his conviction he filed this petition for a writ of certiorari. We are now advised that petitioner has died.

It is true that the petition for certiorari is out of time under our Rule 22 (2), though timeliness under our rules, of course, presents no jurisdictional question. Subsequent to the affirmance of his conviction below, petitioner filed a timely petition for rehearing. Upon his inquiry to the Court of Appeals he was informed that he would be notified as to the disposition of his petition as soon as the court acted. When several months passed without any word, petitioner again wrote to that court. In reply, on September 8, 1970, he received a copy of the

order dated March 5, 1970, denying his petition for re-hearing. Within three weeks from receipt of the denial from the Court of Appeals his petition for a writ of certiorari was docketed in this Court. On these facts waiver of our Rule 22 is proper.

Our cases where a petitioner dies while a review is pending are not free of ambiguity. In a recent manda-mus action the petitioner died and we granted certi-orari, vacated the judgment below, and ordered the com-plaint dismissed. *Fletcher* v. *Bryan,* 361 U. S. 126. In a state habeas corpus case we granted certiorari and va-cated the judgment so that the state court could take whatever action it deemed proper. *Garvin* v. *Cochran,* 371 U. S. 27. Our practice in cases on direct review from state convictions has been to dismiss the proceed-ings. See *Gersewitz* v. *New York,* 326 U. S. 687. In an earlier case the Court announced the *appeal* had abated, *Johnson* v. *Tennessee,* 214 U. S. 485, while in another the Court stated the *cause* had abated. *List* v. *Pennsylvania,* 131 U. S. 396.

In federal criminal cases we developed the practice of dismissing the writ of certiorari and remanding the cause to the court below. *Singer* v. *United States,* 323 U. S. 338, 346; *American Tobacco Co.* v. *United States,* 328 U. S. 781, 815 n. 11; *United States* v. *Johnson,* 319 U. S. 503, 520 n. 1. We have cited *United States* v. *Pomeroy,* 152 F. 279, rev'd *sub nom. United States* v. *New York Central & H. R. R. Co.,* 164 F. 324, and *United States* v. *Dunne,* 173 F. 254, in suggesting such disposition on re-mand "as law and justice require," but beyond this we have basically allowed the scope of the abatement to be determined by the lower federal courts.

The status of abatement caused by death on direct re-view has recently been discussed by the Court of Appeals for the Eighth Circuit in *Crooker* v. *United States,* 325 F. 2d 318. In reviewing the cases that court concluded

that the lower federal courts were unanimous on the rule to be applied: death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception.* *Id.,* at 320. As stated in *List* v. *Pennsylvania, supra,* on death of the convicted petitioner the "cause has abated."

The unanimity of the lower federal courts which have worked with this problem over the years from *Pomeroy* to *Crooker* is impressive. We believe they have adopted the correct rule. Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment below is vacated and the case is remanded to the District Court with directions to dismiss the indictment.

*It is so ordered.*

MR. JUSTICE MARSHALL, whom THE CHIEF JUSTICE and MR. JUSTICE STEWART join, believes that the case should be disposed of as follows:

The petitioner having died while his petition for certiorari was pending before this Court, we dismiss the petition as moot and direct the Court of Appeals to note this action on its records.

MR. JUSTICE BLACKMUN, dissenting.

This case is here on Durham's petition for certiorari after his appeal to the United States Court of Appeals

---

*It is suggested that *Crooker* is different because it involved a right of appeal, while here we deal with a petition for a writ of certiorari. It is, of course, true that appeals are a matter of right while decisions on certiorari petitions are wholly discretionary. Congress, however, has given a right to petition for certiorari and petitioner exercised that right. No decision had been made on that petition prior to his death. Since death will prevent any review on the merits, whether the situation is an appeal or certiorari, the distinction between the two would not seem to be important for present purposes.

for the Ninth Circuit resulted in the affirmance of his conviction for a violation of 18 U. S. C. § 474. The Solicitor General now has suggested that the petitioner died on November 20, 1970, while his petition was pending but prior to this Court's taking any action upon it by way of grant or denial.

The petition is untimely. The Ninth Circuit's opinion was filed on November 12, 1969, and rehearing was denied by that court on March 5, 1970. A petition for certiorari to review the judgment of the court of appeals in a criminal case is timely, under our Rule 22(2), only when it is filed here within 30 days after the entry of the judgment or within such additional time, not exceeding 30 days, as is allowed by a Justice of this Court for good cause shown. The petition was filed only on September 26, 1970, and thus is out of time by more than five months.

Further, the situation is not one where the decedent possessed, and had exercised, a right of appeal to this Court, and then died while his appeal was pending. That contrasting and very different situation is the typical one that confronts the federal courts of appeals and with which the Eighth Circuit was concerned in *Crooker* v. *United States,* 325 F. 2d 318 (1963), cited in the Court's *per curiam* opinion.

I would merely dismiss the decedent's petition for certiorari, rather than direct the dismissal of the *indictment.* This disposition seems to me appropriately to reflect the rulings of *American Tobacco Co.* v. *United States,* 328 U. S. 781, 815 n. 11 (1946); *Singer* v. *United States,* 323 U. S. 338, 346 (1945); and *United States* v. *Johnson,* 319 U. S. 503, 520 n. 1 (1943). In contrast, the dismissal of the indictment wipes the slate entirely clean of a federal conviction which was unsuccessfully

appealed throughout the entire appeal process to which the petitioner was entitled as of right.

If, by chance, the suggestion of death has some consequence upon the survivor rights of a third party (a fact not apparent to this Court), the third party so affected is free to make his own timely suggestion of death to the court of appeals.