**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Stephen R. JONES and William Wright,**
**Defendants-Appellants.**

**No. 73-3289**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**674**

Milton P. Masinter, New Orleans, La., for defendants-appellants.

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Stephen R. Jones and William Wright have appealed their convictions for knowingly, intentionally, and unlawfully distributing heroin in violation of 21 U.S.C. § 841(a)(1) (1970). Jones, Wright, and one Woodrow Wilson were charged in one count for incidents occurring on July 21, 1972; Jones and Wright were charged in another count for incidents occurring on July 24, 1972; and Wright alone was charged in a third count for incidents occurring on November 8, 1972. Wilson pleaded guilty before trial. Following a joint trial by jury, Jones was found guilty on the first count, not guilty on the second; Wright was not found not guilty on the first count and guilty on the second and third counts. We affirm the conviction of appellant Wright.

■ In response to a request from this Court, the Government has supplied a copy of an official death certificate of the State of Texas indicating that appellant Stephen R. Jones died on or about February 5, 1974, near Midway Ranch in Zapata County, Texas. "Death pend-

ing direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." Durham v. United States, 1971, 401 U.S. 481, 483, 91 S.Ct. 858, 860, 28 L.Ed.2d 200, 203; accord, Daniel v. United States, 5 Cir. 1959, 268 F.2d 849, 850. Accordingly, we remand the case against appellant Jones to the district court with instructions to vacate the judgment and dismiss the indictment. United States v. Hudson, 5 Cir. 1972, 460 F.2d 321; United States v. Askew, 5 Cir. 1971, 441 F.2d 258.

■ The only issues presented on this appeal relate to testimony from two Government witnesses regarding a burglary allegedly committed by Jones and Wright shortly before the July 21 incident charged in count I of the indictment. "The federal courts have established as a 'universal rule' the wise principle that 'evidence of the commission of a wholly separate and independent crime is not admissible as a part of the case against the defendant.' 2 C. Wright, Federal Practice and Procedure, Criminal § 410, at 123." United States v. Goodwin, 5 Cir. 1974, 492 F.2d 1141, 1148. On the two occasions that the questioned testimony was elicited during the presentation of the Government's case-in-chief, the able trial judge promptly granted defense counsel's objections and carefully warned the jury not to consider the evidence. We agree with the trial judge that given the strong evidence of guilt and the cautionary instructions, a declaration of mistrial at the close of the Government's case was not necessary to insulate the defendants from the harmful effects of the forbidden testimony.

■ Subsequently a defense witness testified concerning the source of funds used to purchase the heroin. The trial judge allowed the Government to introduce the burglary testimony as rebuttal and gave a careful, detailed limiting instruction to the jury regarding the purposes for which the evidence might be considered. We see no error in the han-

dling of this admission, and certainly none that would affect substantial rights of the accused. Indeed, that any prejudicial consequences to appellant Wright were effectively minimized, if not completely eliminated, seems clear from the fact that the evidence related most directly to the July 21 transaction, for which the jury acquitted Wright.

Affirmed in part, vacated and remanded in part.