**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry BECHTEL, Defendant-Appellant.**

**No. 76–2701.**

United States Court of Appeals,
Ninth Circuit.

Feb. 16, 1977.

---

21. The trial extended over a seven-week period.

Joseph P. Covington, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

John F. Molloy, Robertson, Molloy, Fickett & Jones, Tucson, Ariz., for defendant-appellant.

Before DUNIWAY, CHOY and KENNEDY, Circuit Judges.

## OPINION

PER CURIAM:

This court has been advised that the appellant died in Mesa, Arizona on December 20, 1976, while direct review of his criminal conviction was pending. Had *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), been overruled in its entirety by *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the question whether the cause should be remanded to the district court as law and justice require might now be an open one. We do not understand *Dove v. United States*, however, as overturning the rule that "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Durham v. United States*, 401 U.S. at 483, 91 S.Ct. at 860. We read *Dove* as controlling only the disposition of petitions for certiorari in the Supreme Court.

Accordingly, the appeal is dismissed, and the cause is remanded to the district court with directions to dismiss the indictment.