UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Edward NIX, Defendant-Appellant.

No. 76–3972

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 17, 1977.

Rehearing Denied May 19, 1977.

J. Stephen Salter, Birmingham, Ala., for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Nix was convicted by a jury of knowing and willful receipt and possession of a stolen United States Postal Service Money Order, in violation of 18 U.S.C. § 500. He raises the following contentions on appeal: (1) that the trial court erred in admitting testimony about defendant's statements which reflected knowledge he acquired after his arrest, concerning the burglary of a post office; (2) that the trial court erred in not declaring a mistrial after

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

a government witness disclosed in his testimony that defendant had been arrested on an unrelated forgery charge; and (3) that the evidence was insufficient to support the jury's verdict. We find each of these contentions to be without merit, and affirm the conviction.

On June 8, 1976, a United States Post Office at Brierfield, Alabama, was burglarized, and, among other things, 478 postal money orders were stolen, along with the implements necessary to validate them. Three days later, on June 11, appellant was arrested on unrelated forgery and drunken driving charges. While being transported in a patrol car to the police station, Nix secreted a money order in his possession, which was one of those stolen in the burglary, behind the rear seat. The police officers, upon later discovering torn pieces of paper in the rear passenger compartment of the car, looked further and discovered the money order behind the seat. On June 16, Nix made a statement to the authorities in which he described the circumstances of his acquisition of the money order. He said that codefendant Ireland had given him the money order on June 10 (the day before Nix's arrest) and had told him that he (Ireland) had or could obtain a number of such money orders and would pay a 10% commission for cashing them. Nix also related a conversation of June 13 (two days after his arrest) in which a woman named Hill, another codefendant, told him that she and Ireland had burglarized a post office and had been arrested for that crime.

Appellant's first contention focuses on the introduction of testimony about that portion of his statement concerning what he learned on June 13 from codefendant Hill. Nix argues that this was after-acquired knowledge which had no relevance, under Fed.R.Evid. 401, to the question of his guilty knowledge at the time he was charged with possessing the stolen money order, i. e., June 11. Nix also told the authorities on June 16 that he received the money order as payment of a debt owed him by Ireland. He claims that testimony showing he knew—even at a later date—that the money order was stolen was prejudicial, under Fed.R.Evid. 403.

■ Clearly that portion of the testimony relating to Nix's acquisition of the money order was relevant and was admissible as an admission under Fed.R.Evid. 801(d)(2)(A). The trial court ruled that testimony about the so-called after-acquired knowledge was admissible for the purpose of indicating Nix's knowledge at the time he had possession, and the judge gave the jury cautionary instructions as to that testimony. Since we find no abuse of discretion by the trial court, we will not disturb its decision as to the admissibility of the challenged evidence. See United States v. Bailey, 5 Cir., 1976, 537 F.2d 845, 846.

■ Next, appellant alleges error in the judge's failure to grant a mistrial after a government witness mentioned in his testimony that Nix had been arrested on forgery charges. The arrest was mentioned only to set the context for appellant's statement to authorities, which was described in the witness' testimony. The judge immediately instructed the jury to disregard the witness' remark, and told the jurors that it had no bearing on the case. Furthermore, we note that the fact of arrest had been mentioned by Nix's attorney in his opening statement, and that it was one of the obvious circumstances surrounding discovery of the crime then before the court. Given the strong evidence of guilt and the cautionary instructions—which cured the harm, if any existed—a declaration of mistrial was unnecessary. United States v. Jones, 5 Cir., 1974, 498 F.2d 673, 674.

■ Finally, we find that the evidence and the reasonable inferences to be drawn therefrom, when viewed in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Wyers, 5 Cir., 1977, 546 F.2d 599, were more than sufficient to support appellant's conviction.

AFFIRMED.