**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles E. MOEHLENKAMP,
Defendant-Appellant.**

**No. 76–1243.**

United States Court of Appeals,
Seventh Circuit.

June 27, 1977.

---

Howard P. Trockman, Evansville, Ind., for defendant-appellant.

James B. Young, U. S. Atty., Bradley L. Williams, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CLARK, Associate Justice,* CASTLE, Senior Circuit Judge, and BAUER, Circuit Judge.

BAUER, Circuit Judge.

Following a jury trial, defendant-appellant Moehlenkamp was convicted of one count of conspiracy to distribute controlled substances and of several counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1).

After taking an appeal from his convictions pursuant to 28 U.S.C. § 1291, Moehlenkamp died before we were able to decide the merits of his appeal. Relying on *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed. 2d 200 (1971) (per curiam), Moehlenkamp's attorney has moved to dismiss the appeal, vacate the judgment of conviction, and remand the case to the district court for dismissal of the underlying indictment. Citing *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam), the Government responds that no action beyond dismissal of the appeal need be taken, for Moehlenkamp's death abates the judgment of conviction entered against him as a matter of law.

We note at the outset that, when a case or controversy has become moot on appeal from a final judgment, we have followed the practice of dismissing the appeal, vacating all prior orders, and remanding the case for dismissal. *Todd v. Joint Apprenticeship Comm.*, 332 F.2d 243, 247 (7th Cir. 1964), *cert. denied*, 380 U.S. 914, 85 S.Ct. 880, 13 L.Ed.2d 800 (1965). Indeed, this disposition of moot appeals appears to be mandatory, at least for civil cases:

"Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Duke Power Co. v. Greenwood Co.*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936).

We see no reason why the rule should be any different in a criminal case where, as here, an appeal of right taken from a final judgment of conviction becomes moot because of the death of the appellant.

Until recently, it was well settled that, when a criminal defendant died while his appeal was pending, whether the appeal was of right or discretionary, the entire cause was abated. *Durham v. United States*, 401 U.S. 481, 483, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam); *Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963); *Pino v. United States*, 278 F. 479, 480 (7th Cir. 1921). In *Durham*, when the petitioner's death abated the cause, the Supreme Court disposed of the case by granting the petition for certiorari, vacating the judgment below, and remanding the case to the district court with instructions to dismiss the indictment.

The Court's recent decision in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam), however, has raised some doubts as to the propriety of our following the *Durham* disposition:

"The Court is advised that the petitioner died at New Bern, N.C., on November 14, 1975. The petition for certiorari is therefore dismissed. To the extent that *Durham v. United States*, 401 U.S. 481, [91 S.Ct. 858, 28 L.Ed.2d 200] (1971), may be inconsistent with this ruling, *Durham* is overruled."

Though it is difficult to divine the intentions of the Supreme Court when it says so little, we are of the view that *Dove* overrules *Durham* only with respect to the appropriate disposition of moot petitions for certiorari.

---

* The Hon. Tom C. Clark, Associate Justice of the United States Supreme Court (Retired), sat by designation, heard oral argument and participated in the conference of the court, but died before this opinion was submitted to him for approval.

**128**

We do not believe that the Court's cryptic statement in *Dove* was meant to alter the longstanding and unanimous view of the lower federal courts that the death of an appellant during the pendency of his appeal of right from a criminal conviction abates the entire course of the proceedings brought against him. *Durham v. United States, supra* at 482–83, 91 S.Ct. 858; *Crooker v. United States, supra* at 320. Nor do we read *Dove* as preventing us from giving effect to the abatement of the cause before us by vacating the judgment of conviction and remanding the case for dismissal of the indictment, as did the Court in *Durham.*

 The mootness of an appeal of right taken from a criminal conviction brings into play different considerations than does the mootness of a petition for a writ of certiorari committed to the Supreme Court's discretion. As Mr. Justice Blackmun noted in his dissent to *Durham, supra* at 484, 91 S.Ct. 858, a court of appeals confronts a "contrasting and very different situation" in disposing of a moot appeal of right than does the Supreme Court in disposing of a moot petition for certiorari. The Supreme Court may dismiss the petition without prejudicing the rights of a deceased petitioner, for he has already had the benefit of the appellate review of his conviction to which he was entitled of right. In contrast, when an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence." *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).

Accordingly, even though death has effected an abatement of further proceedings against Moehlenkamp as a matter of law, fairness requires more than simply dismissing his appeal as moot. Notwithstanding *Dove,* we believe it just and appropriate to follow our established practice by dismissing Moehlenkamp's appeal as moot, vacat-

ing the conviction entered against him, and remanding the case to the district court for dismissal of the outstanding indictment as to him. 28 U.S.C. § 2106.

For the reasons noted above, we grant the motion before us and order that the appeal be dismissed, that the district court's judgment be vacated, and that the case be remanded to the district court for dismissal of the indictment as to him.