v. Harris, 7 M.J. 154 (C.M.A.1979).* Similarly, this Court has declined to extend the rule to questioning by an investigator who should have known but in fact did not know that the accused had counsel. *United States v. Roy*, 4 M.J. 840 (A.C.M.R.1978). *Roy* left unanswered the case where the investigator may have acted in bad faith or may have attempted to circumvent *McOmber* and *Lowry*. This case falls within the caveat posed by *Roy*.

At the time of Agent Tucker's extended conversation with the appellant, the appellant was pending trial by special court-martial for malingering and AWOL, and charges had been preferred for willful dis-·obedience, dereliction of duty and the very larceny offense that was the subject of the investigation.

Agent Tucker knew appellant was represented by counsel for some offenses, knew the counsel's name and address, and knew that appellant had not been furnished transportation by his unit to consult with him. The Government cannot now be heard to say that the counsel did not also represent appellant for the larceny offense at that time. Where an accused is represented by counsel for certain pending charges, and where other charges are preferred with a view to consolidation for trial, and where an accused asks but is precluded from seeing his counsel on the new charges, then at least for the purpose of the *McOmber/Lowry* rule, the accused is represented by counsel for all of the offenses. *Cf. United States v. Turner*, 5 M.J. 148 (C.M.A. 1978). I would hold the statement inadmissible because Agent Tucker failed to afford appellant's counsel a reasonable opportunity to be present during the extended social chat.

Finding the statement inadmissible, I would set aside the conviction of Additional Charge III.

* This case differs from *United States v. Harris*, 7 M.J. 154 (C.M.A.1979), in two important respects. First, Harris was given a complete Article 31/*Tempia* warning. Here the appellant was given no warning. Second, the investigator in *Harris* inquired and was told that Harris did not have counsel. Here the investigator inquired if appellant had seen a counsel, was told he had been unable to see him, and was advised of the counsel's name and address.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC,

Captain Willard E. Nyman, III, JAGC, Captain Richard E. Connell, JAGC, Captain R. Wade Curtis, JAGC, and Captain Terrence L. Lewis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Rolland S. Roup, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

On 7 August 1979 this Court affirmed the conviction of the appellant for five specifications of larceny.* Unknown to the Court, the appellant had died on 20 June 1979 of a self-inflicted gunshot wound. The appellant was on excess leave awaiting discharge at the time.

Appellate defense counsel seek abatement of the proceedings and dismissal of the charges. Government counsel do not oppose such action.

In *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), the Supreme Court stated that the abatement of proceedings due to death of an accused was not "free from ambiguity." The Court discussed whether only the appeal itself should be abated or whether the entire cause of action should be abated, depending on whether the death occurred during the pendency of a discretionary appeal such as certiorari or during an appeal as a matter of right. The Court determined that no distinction should be made in the action to be taken and that in both instances all proceedings should be abated from their inception.

Later in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the Supreme Court reversed itself where death occurred during discretionary review and dismissed only the petition for certiorari. The Court specifically overruled *Durham* to the extent it was inconsistent with *Dove*. Apparently the Court now agrees with Justice Blackmun's dissent in *Durham*, and makes a distinction as to whether the death occurred before or after completion of the appellate process to which the accused was entitled as a matter of right.

In the instant case the accused died before the mandatory appeal to this Court had been completed. Thus, we conclude that because this appeal under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, was a matter of right and not discretionary, we must abate the proceedings from their inception.

The action of this Court in affirming the findings and sentence on 7 August 1979 was a nullity. The findings of guilty and the sentence are set aside. The charges are dismissed.

Judge CLAUSE and Judge LEWIS concur.

---

* *United States v. Marcott*, 7 M.J. 971 (A.C.M.R. 1979).