UNITED STATES of America,
Plaintiff-Appellee,

v.

Rick PAULINE, Defendant-Appellant.

No. 78–5701.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1980.

Bernard H. Dempsey, Jr., A. Thomas Mihok, Orlando, Fla., for defendant-appellant.

Manuel Menendez, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JONES, BROWN and RUBIN, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

When a defendant dies pending direct appeal of his criminal conviction it for many years has been the unanimous view of the lower federal courts [1] and the vast majority of state courts [2] that not only the appeal but also all proceedings had in the prosecution from its inception are abated. In years past, we followed that rule of abatement *ab initio* : we dismissed the appeal and remanded to the District Court with directions to vacate the judgment and dismiss the indictment.[3] Abatement of the entire course of the proceedings has several significant effects: if the sentence included a fine, abatement *ab initio* prevents recovery against the estate and, ultimately, the heirs; the abated conviction cannot be used in any related civil litigation against the estate; and arguably the family is comfort-

---

1. *See Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963) (reviewing cases).

2. *See State v. Morris*, 328 So.2d 65 (La.1976) (reviewing cases); Annot., 83 A.L.R.2d 864.

3. *E. g., United States v. Janney*, 525 F.2d 1208 (5th Cir. 1976); *United States v. Jones*, 498 F.2d 673 (5th Cir. 1974); *United States v. Hudson*, 460 F.2d 321 (5th Cir. 1972); *United States v. Sikes*, 456 F.2d 1290 (5th Cir. 1972); *United States v. Askew*, 441 F.2d 258 (5th Cir. 1971); *Daniel v. United States*, 268 F.2d 849 (5th Cir. 1959).

ed by restoration of the decedent's "good name."

In *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), the abatement *ab initio* rule, resulting in dismissal of the indictment and vacating the conviction, was adopted for the disposition of pending petitions for certiorari in the Supreme Court. The Court reasoned, contrary to the view of the dissent, that petitions for certiorari were no different than federal appeals of right, which were unanimously thought subject to *ab initio* abatement.

Five years later, however, the Supreme Court had a change of mind. In 42 cryptic, enigmatic words, the Court in *Dove v. United States*, 423 U.S. at 325, 96 S.Ct. at 579, 46 L.Ed.2d 531, 532 (1976), overruled *Durham* :

> The Court is advised that the petitioner died at New Bern, N. C., on November 14, 1975. The petition for certiorari is therefore dismissed. To the extent that *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), may be inconsistent with this ruling, *Durham* is overruled.

We are now the fourth circuit to consider the effect of *Dove*. Our brethren and sisters on the other Courts of Appeals have unanimously concluded that *Dove* applies only to petitions for certiorari, not appeals of right. *United States v. Bechtel*, 547 F.2d 1379 (9th Cir. 1977); *United States v. Moehlenkamp*, 557 F.2d 126 (7th Cir. 1977); *United States v. Littlefield*, 594 F.2d 682 (8th Cir. 1979). The Seventh Circuit reasoned:

> The Supreme Court may dismiss the petition without prejudicing the rights of a deceased petitioner, for he has already had the benefit of the appellate review of

his conviction to which he was entitled of right. In contrast, when an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence." *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).

*United States v. Moehlenkamp, supra*, 557 F.2d at 128. In addition, all but one [4] state court which have considered the question since *Dove* have agreed that abatement *ab initio* is the appropriate rule for appeals of right.[5]

There are substantial differences between appeals of right and petitions for certiorari. Thus we, as others, are convinced that *Dove* applies only to petitions for certiorari. We therefore hold that abatement *ab initio* remains the rule for direct criminal appeals.[6]

In the instant case, it has been made known to the Court as a fact, supported by the Official Death Certificate of the State of Florida, that appellant, Rick Pauline died in Tampa, Florida, on April 15, 1980. Based on our holding today, the motion for reconsideration is granted, the appeal is dismissed as moot, and the case is remanded with directions to the District Court to vacate the judgment and dismiss the indictment.

**REMANDED WITH DIRECTIONS.**

---

**4.** *Harvey v. United States*, 385 A.2d 36 (D.C.Ct. App.1978) (panel of three Judges; one Judge dissenting).

**5.** *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979); *State v. Gomes*, 57 Haw. 271, 554 P.2d 235 (1978); *People v. Mazzone*, 74 Ill.2d 44, 23 Ill.Dec. 76, 383 N.E.2d 947 (1978); *State v. Holbrook*, 261 N.W.2d 480 (Ia.1978); *State v. Macklin*, 560 S.W.2d 69 (Mo.App.1977); *People v. Cona*, 60 App.Div.2d 318, 401 N.Y.S.2d 239

(1978); *State v. Blake*, 53 Ohio App.2d 101, 371 N.E.2d 843 (1977); *State v. Clark*, 260 N.W.2d 370 (S.D.1977). The issue is, of course, not constitutional, so that the views of the United States Supreme Court do not control the state courts.

**6.** The Government in its responsive memorandum requested by this Court is in agreement with our holding.