**Marquis HOWELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 80–963.**

District of Columbia Court of Appeals.

Argued En Banc Sept. 29, 1982.

Decided Jan. 26, 1983.

Bradley S. Stetler, Washington, D.C., for appellant.

John R. Fisher, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell, and Mary A. McLaughlin, Asst. U.S. Attys., Washington, D.C., were on preargument memorandum for appellee.

Before NEWMAN, Chief Judge, and KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR and BELSON, Associate Judges.

NEWMAN, Chief Judge:

On this rehearing en banc we consider this court's order of October 8, 1981, vacating our opinion of August 4, 1981, 434 A.2d 413, reversing appellant's conviction following notification of appellant's death, and dismissing this appeal *nunc pro tunc* as required by *Harvey v. United States,* D.C. App., 385 A.2d 36 (1978). We conclude that when an appellant dies pending direct re-

view of his conviction, the appeal should be dismissed and the entire prosecution abated *ab initio,* and overrule *Harvey* and its progeny.

On August 4, 1981, a panel of this court reversed appellant's conviction for possession of marijuana and remanded the case with directions to suppress the marijuana evidence. Upon learning of the decision reversing appellant's conviction, counsel telephoned Howell's house, only to learn that he had been murdered in March 1981. Counsel immediately notified government counsel who then filed a Suggestion of Death. Over counsel for appellant's objection, the panel vacated its opinion and dismissed the appeal *nunc pro tunc.*

■ Appeals of right are solidly rooted in the District of Columbia through statutory and constitutional law. D.C.Code 1981, § 11–721 grants appeals as of right in all criminal misdemeanor cases in which the fine imposed is fifty dollars or greater. While there is no constitutional right to appeal a criminal conviction, *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1955), once a statute confers an appellate right, it may not be indiscriminately denied.

This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. [*Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966).]

■ A trial and an appeal of right are two components of the judicial process. A judgment of conviction is not considered final until any appeal of right which is filed has been resolved because the possibility of

reversal endures until that point. While the trial court's judgment carries a presumption of validity, the very essence of a presumption is its vulnerability to refutation. The appellate process provides the losing party with an opportunity to rebut this presumption, if he is able, by demonstrating the invalidity of the trial court's judgment.

■ When the defendant dies before he has exhausted his right of appeal, we conclude that the preferable approach is to dismiss the appeal and remand the case to the lower court with directions to vacate the conviction and abate the prosecution by reason of death.[1] This approach has been endorsed by a variety of federal courts. *See United States v. Lewis,* 676 F.2d 508 (11th Cir.1982); *United States v. Pauline,* 625 F.2d 684 (5th Cir.1980); *United States v. Littlefield,* 594 F.2d 682 (8th Cir.1979); *United States v. Bechtel,* 547 F.2d 1379, 1380 (9th Cir.1979); *United States v. Moehlenkamp,* 557 F.2d 126 (7th Cir.1977). The courts of several states have reached similar results. *See State v. Griffin,* 121 Ariz. 538, 592 P.2d 372 (1979); *People v. Lipira,* Colo. App., 621 P.2d 1389 (1980); *State v. Gomes,* 57 Haw. 271, 554 P.2d 235 (1978); *People v. Mazzone,* 74 Ill.2d 44, 23 Ill.Dec. 76, 383 N.E.2d 947 (1978); *State v. Holbrook,* 261 N.W.2d 480 (Iowa 1978); *State v. Macklin,* 560 S.W.2d 69 (Mo.App.1977); *People v. Cona,* 60 App.Div.2d 318, 401 N.Y.S.2d 239 (1978); *State v. Blake,* 53 Ohio App.2d 101, 371 N.E.2d 843 (1977); *State v. Clark,* 260 N.W.2d 370 (S.D.1977).

The Supreme Court's decision in *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), overruling *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), does not preclude this result. *Durham, supra,* involved a defendant who died while his petition for certiorari was pending. The Court held that "death

1. This approach is in accord with the rule stated by the Supreme Court for the disposition of moot appeals in civil cases on direct appeal. *See Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936), in which the Court commented, "[w]hen it appears upon appeal that the con-

troversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and remand the cause with directions to dismiss." *Accord United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

pending direct review [whether by certiorari as in this case or on appeal] abates not only the appeal but also all proceedings had in the prosecution from its inception." 401 U.S. at 483, 91 S.Ct. at 860. *Dove, supra,* also involved the death of a petitioner pending review of his conviction on a writ of certiorari. In a brief per curiam opinion, the Supreme Court dismissed the petition and stated, "[t]o the extent that *Durham, supra* may be inconsistent with this ruling, *Durham* is overruled." 423 U.S. at 325, 96 S.Ct. at 579 (emphasis supplied).

The rationale for distinguishing between cases of death pending an appeal as of right and cases involving death pending discretionary review of a conviction is compelling. As the Seventh Circuit notes:

> The Supreme Court may dismiss the petition [for certiorari] without prejudicing the rights of an already deceased petitioner for he has already had the benefits of the appellate review of his conviction to which he was entitled. In contrast, when an appeal has been taken from a criminal conviction and death has deprived the accused of his right to our decision, the interests of justice require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of [our] system for finally adjudicating [his] guilt or innocence. [*United States v. Moehlenkamp, supra,* 557 F.2d at 128 (citations omitted).]

We view *Dove* as limited to the disposition of petitions for certiorari in the Supreme Court and thus it does not control the present case.[2] For the reasons noted above, we order that the appeal be dismissed and the case remanded to the Superior Court so that the conviction may be vacated and the prosecution abated by reason of death.

*So ordered.*

NEBEKER, Associate Judge, with whom Associate Judge KERN joins, concurring:

I find it strange that this issue should command the time and energy of the court en banc. *See District of Columbia v. Cooper,* 445 A.2d 652, 657 (D.C.1982) (Kern, J., dissenting). I do so particularly because the en banc court has consumed its time to take a small step nowhere.

We have said that *Harvey v. United States,* 385 A.2d 36 (D.C.1978), is overruled. However, one might wonder about that, for we have, I submit, used different and concededly more precise words to declare the legal status of the prosecution. When an appeal is dismissed on a suggestion of death, our record, as well as the trial court record, reflects that fact. By operation of law the prosecution is abated. We now simply declare what was a legal fact anyway. No matter how we describe what we do with the case, the unavoidable fact is that there was a judgment of conviction and the defendant died before it could be affirmed or reversed. Even our en banc endeavors are entitled to their lighter moments.

---

**2.** Each federal court that has considered the effect of *Dove* on the continuing validity of *Durham* concurs. *See United States v. Lewis, supra; United States v. Pauline, supra; United States v. Bechtel, supra;* and *United States v. Moehlenkamp, supra.*