**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marcel Raymond OBERLIN, Defendant-Appellant.**

**No. 82–1620.**

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 1983.

Decided June 20, 1983.

As Amended on Denial of Rehearing Oct. 4, 1983.

Andrew E. Rubin, Los Angeles, Cal., Frank Ragen, San Diego, Cal., for defendant-appellant.

Raymond Edwards, Jr., Asst. U.S. Atty., Peter K. Nunez, U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before POOLE, NELSON, and REINHARDT, Circuit Judges.

POOLE, Circuit Judge:

Marcel Raymond Oberlin, following a jury trial, was convicted of various counts of drug trafficking and of operating a continuing criminal enterprise. He was sentenced on October 18, 1982. Several hours later he committed suicide. On October 20 judgment was entered and, on the following day, a purported notice of appeal was filed on behalf of Oberlin. Upon a motion to abate Oberlin's prosecution, filed on the deceased's behalf by an attorney, we conclude that the cause of action against Oberlin has abated.

Death pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception. *Durham v. United States*, 401 U.S. 481, 483, 91 S.Ct. 858, 860, 28 L.Ed.2d 200 (1971) (per curiam); *United States v. Bechtel*, 547 F.2d 1379 (9th Cir.1977). In such a case, the appeal is dismissed and the cause remanded to the district court with instructions to vacate the judgment and to dismiss the indictment. *Id*. *See also United States v. Pauline*, 625 F.2d 684, 685 (5th Cir.1980); *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir.1977); *United States v. Crooker*, 325 F.2d 318, 320 (8th Cir.1963). If the sentence included a fine, this rule of abatement *ab initio* prevents recovery against the estate. *See Pauline*, 625 F.2d at 684; *United States v. Morton*, 635 F.2d 723, 726 (8th Cir.1980). Similarly, an abated conviction cannot be used in any related civil litigation against the estate. *See Pauline*, 625 F.2d at 684.

In early cases, the reasoning behind this rule is stated simply as "all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender." *United States v. Dunne,* 173 F. 254, 258 (9th Cir.1909), *quoting United States v. Daniels,* 47 U.S. (6 How.) 11, 13, 14 L.Ed. 323 (1848). More recently, the rationale has been expressed as follows:

> [W]hen an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence."

*Moehlenkamp,* 557 F.2d at 128, *quoting Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Thus, the death of a criminal defendant pending an appeal of right will abate the prosecution *ab initio,* although death pending the Supreme Court's discretionary determination on a petition for a writ of certiorari will not. *See Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam) (only the petition is dismissed); *Pauline,* 625 F.2d at 685; *Bechtel,* 547 F.2d at 1380; *Moehlenkamp,* 557 F.2d at 128.

■ Here, Oberlin died before judgment was entered and before the purported notice of appeal was filed. Therefore, he did not die pending appeal. Nonetheless, at the time of his death, Oberlin possessed an appeal of right from his conviction. We conclude that, although Oberlin did not die pending appeal, the effect of his death is the same—the prosecution abates *ab initio.* We see no reason to treat a criminal defendant who dies before judgment is entered any differently from one who dies after a notice of appeal has been filed. In either case, he is denied the resolution of the merits of the case on appeal.

■ In its petition for rehearing, the government argues that abatement does not apply to a criminal forfeiture proceeding under 21 U.S.C. § 848. We reject this contention. It is a well-settled rule that actions upon penal statutes do not survive the death of the wrongdoer. *Schreiber v. Sharpless,* 110 U.S. 76, 80, 35 S.Ct. 423, 424, 28 L.Ed. 65 (1884); *Rau's Estate v. C.I.R.,* 301 F.2d 51, 55 (9th Cir. 1962). In Oberlin's case, while some aspects of the forfeiture may have been remedial, there is no doubt that it was essentially penal. The forfeiture was a step in the criminal process: it was pleaded in the indictment, and was tried in a proceeding which included all of the constitutional safeguards granted to criminal defendants. The cases cited by the government involve civil actions, primarily tax fraud provisions that are clearly remedial and designed to reimburse the government. Oberlin's criminal conviction, including the forfeiture, was intended as a penalty and so abated.

■ We also reject the government's argument that Oberlin waived his right to appeal by killing himself. The contention that suicide is the "ultimate waiver" is without merit. The doctrine of waiver has no connection to the issue of abatement. Oberlin's suicide terminated final resolution of the merits of this case by judgment or on appeal, and abatement of the action therefore followed.

Accordingly, the appeal is dismissed. The case is remanded to the district court with directions to vacate the judgment and to dismiss the indictment. The Government's motion to dismiss the appeal for want of prosecution is dismissed as moot.

APPEAL DISMISSED; CASE REMANDED WITH DIRECTIONS TO VACATE JUDGMENT AND DISMISS INDICTMENT.