Whether the jeopardy to the security—and hence marketability—of funded bonds is real or whether subsequent legislative action[54] may—from the standpoint of pure legality—have eliminated this hazard, the fact remains that there is ample basis for the reasonable conclusion that changing the allocation system to accommodate the Town of Ball might imperil the security of funded, issued bonds. There being a rational basis for this very conceivable concern on the part of the parish, the electorate, or both, there has been no denial of the equal protection of the law.

AFFIRMED.

Daniel K. Hedges, U.S. Atty., James R. Gough, Susan L. Yarbrough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

It has been made known to the Court as a fact, that appellant, Carlton Roy Wilks, in the above styled and numbered cause died at the Humana Hospital in Anchorage, Alaska on August 24, 1984. Accordingly, we dismiss the appeal as moot, and we remand the case to the District Court with directions to vacate the judgment and dismiss the indictment. *United States v. Pauline,* 625 F.2d 684 (5th Cir.1980).

REMANDED WITH DIRECTIONS.

---

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carlton Roy WILKS, Defendant-Appellant.**

**No. 84–2227.**

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1984.