UNITED STATES of America, Plaintiff,

v.

Richard Lee Tuck CHONG, aka "China", Defendant.

No. Crim. 98–00416 ACK.

United States District Court, D. Hawai'i.

Dec. 14, 2001.

Michael A. Weight, Office of Federal Public Defenders, Honolulu, HI, Birney Bervar, Honolulu, HI, Marcia A. Morrissey, Santa Monica, CA, Richard H. Burr, Barr & Welch, Houston, TX, for Richard Lee Tuck Chong.

Larry L. Butrick, Office of U.S. Atty., Honolulu, HI, for U.S.

### ORDER VACATING JUDGMENT AND DISMISSING INDICTMENT PURSUANT TO DIRECTIVE OF NINTH CIRCUIT DUE TO DEATH OF DEFENDANT

KAY, District Judge.

On July 9, 1998 the Defendant Richard Lee Tuck Chong was charged in a 3 count indictment. The Government filed a notice of intent to seek a sentence of death on February 12, 1999. On December 16, 1999 a 5 count superceding indictment was filed, with Count 3 charging that during and in relation to a drug-trafficking crime Defendant used a firearm to murder William Noa by shooting him willfully, deliberately, maliciously and with premeditation. Defendant pled guilty on January 13, 2000 to Count 3 pursuant to a memorandum of plea agreement, which provided, among other things, for the dismissal of the other counts and the withdrawal of the Government's intent to seek the death penalty at the time of sentencing. Under the plea agreement, the Defendant agreed to a sentence of imprisonment for life without possibility of release. Subsequently the Defendant moved to withdraw his plea of guilty. His motion was denied by the Court, and on June 29, 2001 he was sentenced to life imprisonment without possibility of release. Defendant appealed his conviction. During the pendency of his appeal, he committed suicide.

■ By order filed November 9, 2001, with a mandate to this Court filed December 10, 2001, the Ninth Circuit dismissed the appeal due to the death of Defendant and remanded to this Court with instructions to vacate the judgment and to dismiss the indictment, citing *United States v. Oberlin,* 718 F.2d 894, 895 (9th Cir.1983).

■ In *Oberlin,* the Ninth Circuit panel of Poole, Nelson and Reinhardt first noted the rule that "death pending appeal of a criminal conviction abates not only the appeal but all proceedings and the prosecution from its inception." *Id.* The panel then decided that this rule applied in cases involving suicide, rejecting the Government's argument that Oberlin waived his right to appeal by killing himself; although it nevertheless adopted the reasoning that this was an appeal where "death has deprived the accused of his right to our decision".[1] Another Court found *Oberlin* "unpersuasive", observing that "it defies common sense to allow Mr. Dwyer to be absolved of criminal liability so carefully arrived at by a jury because he intentionally took his own life before the appeal

---

1. In *Oberlin* the Court ruled that not only was the Defendant's criminal conviction vacated, but also the criminal forfeiture of his property was likewise set aside. Thus by choosing to commit suicide the Defendant cleared his name of a criminal conviction and prevented the forfeiture of his property so that it would remain with his family. Moreover, where a defendant's suicide results in vacating his conviction of committing murder, the victim's family and friends are deprived of closure by a conviction. Thus while vacating a conviction due to the death of a defendant from causes other than suicide makes sense because in such case truly "death has deprived the accused of his right to our decision"; yet to enable a defendant to remove his criminal conviction by taking his own life establishes a questionable precedent to say the least, and in some situations tragically may tempt a defendant to commit suicide.

process could run. By his suicide Mr. Dwyer waived his right to appeal." *United States v. Dwyer*, 654 F.Supp. 1254, 1255 (M.D.Pa., 1987).

Nonetheless, this Court is required to follow the directives of the Ninth Circuit Court of Appeals, and therefore it is hereby ordered that the Defendant's judgment is vacated and his indictment is dismissed.

IT IS SO ORDERED.