SYKES, Circuit Judge,
concurring.
As my colleagues explain, the doctrine of abatement holds that when a criminal defendant dies during the pendency of his direct appeal, the entire criminal proceeding is extinguished ab initio, so that in the eyes of the law, it is as if he had never been indicted or convicted. See United States v. Moehlenkamp, 557 F.2d 126, 127-28 (7th Cir.1977). This judge-made rule is usually explained in terms of fairness or lack of finality or both. See id.; see also United States v. Rich, 603 F.3d 722, 729 (9th Cir.2010); United States v. Estate of Parsons, 367 F.3d 409, 413-14 (5th Cir.2004) (en banc); United States v. Christopher, 273 F.3d 294, 296-97 (3d Cir.2001); United States v. Logal, 106 F.3d 1547, 1551-52 (11th Cir.1997); United States v. Dudley, 739 F.2d 175, 176-78 (4th Cir.1984). I question whether the reasons for the abatement rule hold up under close scrutiny. An unreviewed criminal convic *455 tion is neither suspect nor lacking in finality in any relevant sense, and I do not think it unfair to let a criminal judgment stand if the defendant dies while his appeal is pending.
But we’re not asked to reconsider and abolish the abatement doctrine here. The government argues instead that restitution orders should be exempt from it. As my colleagues explain, however, “[wjithout a final criminal conviction, there can be no order of restitution under 18 U.S.C. § 8556.” Majority Op. p. 454. In an appropriate case, we should consider whether the abatement doctrine is justified or should be abrogated. Because that question has not been briefed here, I agree with my colleagues that the district court’s judgment must be vacated and the case dismissed.