**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 24, 2020
Decided January 24, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-3306

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00191-005 |
| MICHAEL FREDETTE, | Sarah Evans Barker, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

When Michael Fredette was a 51-year-old federal inmate with late-stage colon cancer, he appealed the denial of his emergency motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), seeking compassionate release because of his terminal illness. A few weeks later, Fredette died in federal custody. Because Fredette's death moots this action, we *sua sponte* dismiss the appeal and vacate oral argument scheduled for January 30, 2020.

**I**

In 2014, Fredette began serving a 327-month sentence for engaging in a child-pornography enterprise. 18 U.S.C. § 2252A(g)(2). While incarcerated, he was diagnosed with Stage 4 colon cancer, which spread to his lungs and liver. By the time prison officials transferred him to a secured medical facility in mid-2019, doctors determined that Fredette had "18 months or less" to live. Shortly after his transfer, Fredette filed an administrative request seeking a sentence reduction based on his illness. The Bureau of Prisons denied his request.

Fredette then turned to federal court for relief. In October 2019, he filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The next month, assisted by counsel, he supplemented his motion. He stated that in the months since the BOP denied his request, an oncologist reduced Fredette's life expectancy to a "matter of weeks." Fredette argued that his terminal illness constitutes an extraordinary reason for a sentence reduction based on the Sentencing Commission's guidance. *See* U.S.S.G. § 1B1.13, cmt. n.1 (noting "terminal illness," such as "metastatic solid-tumor cancer," is an "extraordinary and compelling reason" for reducing a sentence). He asked that the court reduce his sentence to time served and place him on supervised release so that he could live his remaining days at his father's home in New York.

The government opposed Fredette's motion. Although it conceded that his terminal illness qualifies as an "extraordinary and compelling reason" as defined by the Sentencing Commission, the government argued that release was inappropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. In particular, granting Fredette release would minimize the seriousness of his "particularly horrific crimes," "create a danger to public safety," undermine the deterrence value of his original sentence, and produce a sentencing disparity between him and his codefendants. The government attached letters from Fredette's now-adult victims and their parents, all strongly opposing his release or any other form of "compassion."

In his reply brief, Fredette challenged these arguments. He did "not dispute the valid and appropriate feelings the victims have about his request [for release]." Nor did he contest his original sentence, which, he said, provides ample deterrence. He instead emphasized the "extraordinary change" in his condition since sentencing—a change that did not apply to his codefendants or future offenders, unless they, too, developed a terminal illness. Responding to the argument that his release might jeopardize public

safety, Fredette stressed that probation officers could monitor him during hospice to ensure he did not attempt to contact any of his victims or otherwise violate the law.

The district court summarily denied Fredette's motion on November 19, 2019, without including any reasoning to support its decision. The court's one-sentence order reads, in full: "Upon motions of the defendant for a reduced sentenced based on the First Step Act of 2018, and having considered such motion, IT IS ORDERED that the motion is DENIED." Fredette filed an emergency notice of appeal. We granted his motion to expedite the proceedings and scheduled oral argument for January 30, 2020.

## II

In his appellate brief, filed December 4, 2019, Fredette, through counsel, argues that the district court abused its discretion when it denied his motion for a sentence reduction without an explanation for its decision. Less than two weeks later (shortly after the government filed its response), Fredette died in prison.

In the reply brief, Fredette's attorney argued that his client's death does not moot the appeal because "issues remain for whether proper consideration and process was used by the district court" in ruling on Fredette's motion for a sentence reduction.

We disagree. In light of Fredette's death, this appeal no longer presents a live case or controversy that is capable of being "redressed by a favorable judicial decision," as Article III of the Constitution requires. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191–92 (2000) (noting mootness doctrine bars courts from "retain[ing] jurisdiction over cases in which … a plaintiff pursuing a nonsurviving claim has died").

We have dismissed as moot direct criminal appeals following a defendant's death, because it is the "longstanding and unanimous view of the lower federal courts that the death of an appellant during the pendency of his appeal of right from a criminal conviction abates the entire course of the proceedings brought against him." *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977). Moreover, the pending appeal in this case does not challenge Fredette's conviction, but rather, it concerns a sentence reduction—a matter no longer subject to judicial redress.

Accordingly, we *sua sponte* DISMISS the appeal as moot and VACATE the oral argument scheduled for January 30, 2020.