*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-CM-1044

SHELTON R. LEE, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-527-19)

(Hon. Truman A. Morrison III, Trial Judge)

Before the District of Columbia Court of Appeals
on a Motion to Dismiss Appeal

(Decided August 26, 2021)

*Montrell L. Scaife* was on the brief for appellant.

*Channing D. Phillips*, United States Attorney, and *Chrisellen R. Kolb*, *Elizabeth H. Danello*, and *Carlos A. Valdivia*, Assistant United States Attorneys, were on the brief for appellee.

Before THOMPSON and DEAHL, *Associate Judges*, and GREENE,* *Senior Judge, Superior Court of the District of Columbia*.

---

* Sitting by designation pursuant to D.C. Code § 11-707(a) (2001).

DEAHL, *Associate Judge*:  Shelton Lee entered an unconditional guilty plea to simple assault.  As part of that plea agreement, he waived his right to appeal his conviction to this court.  The trial court sentenced him to supervised probation with certain conditions, and he filed this appeal challenging one condition of his probation.  But during the pendency of this appeal—after both parties filed their briefs and shortly before a scheduled oral argument—Mr. Lee died.  The general rule is that when an appellant dies during the pendency of their direct appeal, we remand with instructions to vacate the convictions on appeal.  *Howell v. United States*, 455 A.2d 1371, 1372 (D.C. 1983) (en banc).  The parties now dispute whether that rule applies under these circumstances, given that Mr. Lee waived his right to appeal his conviction and did not in fact challenge his conviction in the brief he filed.  We agree with the government that vacatur of Mr. Lee's conviction is not warranted in these circumstances.  We dismiss this appeal and remand with instructions that the Superior Court vacate Mr. Lee's sentence, but leave his conviction intact.

## I.

Mr. Lee, a former school teacher, pled guilty to simple assault after slapping one of his 12-year-old students across the face with an open hand.  He signed a plea form acknowledging that by pleading guilty he was "giv[ing] up [his] right to appeal

[his] conviction to" this court, and the trial court confirmed in open court that he understood the consequences of his plea.

Following acceptance and entry of the guilty plea, the trial court sentenced Mr. Lee to 90 days' incarceration, suspended, three years' supervised probation with certain conditions, and imposed a $50.00 assessment under the Victims of Violent Crime Compensation Act of 1996. One of the special conditions of Mr. Lee's probation required him to disclose the fact of his conviction and some details regarding it to any prospective employer that would entrust him with teaching children under the age of eighteen. Mr. Lee then filed a notice of appeal indicating his intent to challenge "his sentence [as] unreasonably excessive," and his appellate brief challenged only the condition of probation mentioned above. The government filed a responsive brief defending the condition, Mr. Lee did not file a reply brief, and this court scheduled the appeal for oral argument.

The day before the oral argument was to take place, appellant's counsel notified the court that Mr. Lee had recently died and that a motion to dismiss the appeal was forthcoming. Counsel then filed a request that we dismiss the appeal and vacate Mr. Lee's conviction. The government opposes that request. It concedes that Mr. Lee's sentence should be vacated, but contends that his underlying conviction

should remain, given that he waived his right to challenge his conviction and in fact did not challenge it on appeal.

## II.

As this court sitting en banc in *Howell* explained, if a "defendant dies before he has exhausted his right [to] appeal" his conviction, the standard "approach is to dismiss the appeal and remand the case to the lower court with directions to vacate the conviction and abate the prosecution by reason of death." 455 A.2d at 1372; *accord United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006) (collecting cases). The principle animating this rule is that a direct appeal as a matter of right "is an integral part of our system for finally adjudicating [one's] guilt or innocence." *Howell*, 455 A.2d at 1373 (quoting *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977)). For that reason, "the interests of justice require that [a defendant] not stand convicted without resolution of the merits" of a pending direct appeal. *Id.*[1]

---

[1] That rule does not extend beyond the direct appeal as of right. For instance, when a defendant has lost their direct appeal and then seeks discretionary review through a petition for rehearing en banc or a petition for a writ of certiorari before the Supreme Court, vacatur of the underlying convictions is not warranted. *See West v. United States*, 659 A.2d 1260, 1261 (D.C. 1995) (rejecting vacatur request despite

This case presents a gray area and an issue of first impression for this court. Although Mr. Lee died during the pendency of his direct appeal, he had already waived his right to challenge his conviction as part of his plea agreement and filed an appellate brief confirming he was contesting only a condition of his sentence, not the conviction itself. So, while his case was up on direct appeal in a technical sense, that appeal involved no attack on his conviction. It therefore cannot be said that Mr. Lee's appeal was an integral part of adjudicating his guilt or innocence in any respect. His guilt was established when he waived his right to challenge his conviction and then raised no challenge to the integrity of the plea itself by contesting only a condition of his sentence in his direct appeal. *See Mitchell v. United States*, 64 A.3d 154, 156 n.4 (D.C. 2013) (appellant waives claims not raised in their briefing). Under those circumstances, the reasons that typically favor vacatur of convictions when an appellant dies during the pendency of their direct appeal would seem to apply only to the challenged sentence. As the government concedes Mr. Lee's sentence should be vacated, that is all we instruct the trial court to do.

We find support for our conclusion in the federal courts of appeals. The Second Circuit recently confronted a nearly identical situation in *United States v.*

---

pending petition for rehearing en banc); *Dove v. United States*, 423 U.S. 325, 325 (1976) (same as to pending petition for writ of certiorari).

*Mladen*, 958 F.3d 156 (2d Cir. 2020). In *Mladen*, appellant entered a guilty plea, noted an appeal, filed an appellate brief "arguing only that there were substantive and procedural errors in connection with sentencing and that his sentence was unreasonable," and then died months after oral argument. *Id.* at 157. The Second Circuit acknowledged that convictions are "ordinarily" vacated when an appellant dies during the pendency of their direct appeal because "a defendant should not stand convicted if his guilt has not been resolved with finality." *Id.* at 160, 162. But it then explained that justification did not apply because appellant "ha[d] waived or forgone his right to appellate review of his guilt" by pleading guilty and then challenging only his sentence on appeal. *Id.* at 162. Under such circumstances, the court reasoned that appellant's conviction had "already become final and unappealable," thereby obviating "the primary rationale" for vacatur. *Id.* at 160, 162. The Third Circuit reached the same result in *United States v. DeMichael*, where again the defendant pled guilty and "waived his right to appeal his conviction." 461 F.3d at 417. There, because appellant's brief "clearly stated that the *only* issue he was appealing was the propriety of the fine" levied against him, the Third Circuit found no cause to vacate his conviction. *Id.*; *see also United States v. Brame*, 568 F. App'x 567, 567 (10th Cir. 2014) (vacating only the challenged condition of supervised release); *United States v. Butler*, 48 F. App'x 630, 631 (9th Cir. 2002) (vacating sentence but not conviction).

We might reach a different conclusion had Mr. Lee died before submitting an opening brief—or had his brief in fact included a challenge to his conviction—as the federal authorities further suggest. The D.C. Circuit confronted the former scenario where appellant pled guilty, noted an appeal, and then died before filing a brief. *United States v. Pogue*, 19 F.3d 663, 665 (D.C. Cir. 1994). The court followed the typical course and remanded with instructions that appellant's conviction be vacated because, "had he lived, appellant could have challenged the plea agreement and underlying conviction." *Id.* at 665-66. The Third Circuit echoed that same point in *DeMichael*, citing *Pogue* approvingly for the position that where an appellant "dies before submitting an opening brief, the possibility remains that the conviction itself might be overturned." 461 F.3d at 417. And the Second Circuit hinted at the same in *Mladen*, emphasizing that appellant's "brief on appeal did not challenge the merits of his conviction." 958 F.3d at 163. Unlike in *Pogue*, and as in *Mladen* and *DeMichael*, here we have the combination of Mr. Lee's plea waiver and his subsequent filing of a brief raising no challenge to his conviction. With that combination we agree with the government that there is no cause to vacate Mr. Lee's conviction.

\*        \*        \*

Mr. Lee's "appeal could not [have] alter[ed] the fact of his conviction," *Mladen*, 958 F.3d at 163, only his sentence. Because of that we dismiss Mr. Lee's appeal and remand the case with instructions to vacate Mr. Lee's sentence, while leaving his conviction undisturbed.

*So ordered.*