796 P.2d 1147

Cora RIESENECKER,
Claimant–Appellee,

v.

ARKANSAS BEST FREIGHT
SYSTEMS, Self–Insured,
Respondent–Appellant.

No. 11342.

Court of Appeals of New Mexico.

Aug. 30, 1990.

**452**

Robert Bruce Collins, Albuquerque, for respondent-appellant.

Kenneth R. Wagner, Franchini, Wagner, Oliver, Franchini & Curtis, Albuquerque, for claimant-appellee.

## OPINION

HARTZ, Judge.

On motion to withdraw opinion.

We have prepared and filed an opinion in this case only to learn that the case had settled months earlier. Although we quash our order to appellate counsel to show cause why they should not be reported to Disciplinary Counsel for failure to advise us of the settlement, we note our intent to refer similar cases to Disciplinary Counsel in the future. We vacate our judgment but order publication of the opinion and explain our reasons for ordering publication.

## FAILURE TO NOTIFY THIS COURT OF THE SETTLEMENT

We decided *Riesenecker v. Arkansas Best Freight Systems*, 110 N.M. 654, 798 P.2d 1040 (Ct.App.1990), on May 17, 1990. Employer had appealed from an award to claimant of workers' compensation benefits in a lump sum. By a 2–1 decision, we reversed. Within the time for filing a motion for rehearing, claimant filed a motion to withdraw the opinion on the ground that the case had been settled in February. We ordered both attorneys to show cause why we should not report them to Disciplinary Counsel for violations of SCRA 1986, 16–302, –804(A) and (D) (Repl.1988). We also ordered them to brief the issues of whether this court could or should withdraw its opinion.

Each attorney responded by claiming that he thought the other was responsible for informing this court of the settlement. Neither attorney intentionally failed to so inform us. Both attorneys acknowledged responsibility for the failure. Apparently, confusion resulted from settling this case as part of a package with the settlement of a third-party action arising from the same incident. We quash our order to show cause.

■ Nevertheless, the attorneys' conduct in this case is not acceptable. This court has a large backlog of cases waiting to be decided. The attorneys' failure to notify us of the settlement caused us to devote to this case time that would otherwise have been devoted to other cases pending on our docket. Such conduct has adversely affected the operation of this court and thus may be "conduct that is prejudicial to the administration of justice." *See* R. 16–804(D). In the future we will routinely advise Disciplinary Counsel of any instance in which appellate counsel have not *forthwith* informed this court of a settlement (in whole or in part) of a pending case.

## PUBLICATION OF THE OPINION

■ Claimant contends that we should withdraw our opinion because the case was moot when we filed the opinion. We disagree for several reasons.

First, the case was not moot. The dispute could be resolved solely by order or judgment of the Workers' Compensation Division (WCD). *See* NMSA 1978, § 52–5–14(B) (Cum.Supp.1990). Although the WCD entered its "COMPENSATION ORDER AND ORDER OF APPROVAL OF LUMP SUM SETTLEMENT" on February 1, 1990, the WCD did not have jurisdiction to enter the order at that time because the case was before us on appeal. *See Devlin v. State ex rel. New Mexico State Police Dep't*, 108 N.M. 72, 74, 766 P.2d 916, 918 (1988); *State ex rel. Bell v. Hansen Lumber Co.*, 86 N.M. 312, 523 P.2d 810 (1974). The principle that the lower tribunal is deprived of jurisdiction over a matter pending on appeal "is not derived from the jurisdictional statutes or from the rules, but is a prudential, or judge-made, doctrine designed to avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11, at 3–48 (2d ed. 1990). Although we have not yet had occasion to apply this principle to appeals to this court from the WCD, the reason for the rule

applies with as much force to this situation as it does to appeals from the district court. The inefficiency that can result from permitting a lower tribunal to issue an order disposing of a case without approval (much less knowledge) of the appellate court is apparent from what happened in this case. *But cf. Shevlin v. Schewe*, 809 F.2d 447, 450–51 (7th Cir.1987) (interlocutory appeal on limited issue did not divest district court of jurisdiction to dismiss case as settled).

Second, even when events have mooted the dispute between the parties, New Mexico courts possess discretion whether to proceed to decide appellate issues that are matters of substantial public interest. *See Mowrer v. Rusk*, 95 N.M. 48, 618 P.2d 886 (1980); *Johnson v. Francke*, 105 N.M. 564, 564 n. 1, 734 P.2d 804, 804 n. 1 (Ct.App. 1987). Given the current public attention to the operation of the workers' compensation laws, the standards for award of a lump-sum benefit may well be such a matter of substantial public interest, although we acknowledge that we would probably not have exercised our discretion to proceed further in our consideration of this case if we had been advised in February of the settlement.

Third, there is a difference between vacating our judgment and withdrawing our opinion. Distinct considerations govern the advisability of each option. We discuss those considerations.

In this case the interests of justice require that we vacate our judgment and remand to the WCD so that the order improperly entered on February 1 can be reentered, effective as of February 1, 1990. The agreement of the parties should be the paramount consideration in resolving the dispute. *Cf. Quintana v. Motel 6, Inc.*, 102 N.M. 229, 693 P.2d 597 (Ct.App.1984) (public policy favors settlements).

Yet publication of the opinions (the panel decision and the dissent) is still desirable. First, we recognize that the cat is already out of the bag. The opinions have been delivered to the WCD and the parties, and have probably been further circulated. They are likely to affect the deliberations of the WCD and to be used by counsel possessing the opinions to prepare their cases and frame their arguments. In fairness, the opinions, which meet the criteria for formal publication, SCRA 1986, 12–405, should be available to all attorneys through publication.

In addition, we believe that the panel decision and the dissent will assist litigants in preparing their factual presentations, assist litigants and the WCD in formulating findings and conclusions, and assist future appellate counsel in framing their arguments. This court should not have had to devote the attention that it has to this case. But since the effort has already been expended, whatever assistance it can provide should be available to the Bar.

We note that in similar circumstances other courts have vacated their judgments without withdrawing their opinions from publication. *See Stewart v. Southern Ry.*, 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849, *judgment vacated*, 315 U.S. 784, 62 S.Ct. 801, 86 L.Ed. 1190 (1942) (on rehearing it appeared that case had settled); *Ruiz v. Estelle*, 679 F.2d 1115, *vacated in part*, 688 F.2d 266 (5th Cir.1982) (certain issues had settled several months before opinion had issued).

Pursuant to NMSA 1978, Section 34–5–13 (Repl.Pamp.1981), we order publication of the opinions filed in this case on May 17, 1990.

CONCLUSION

We quash our order to show cause, deny claimant's motion to withdraw our opinion, vacate our judgment of May 17, 1990, and remand the case to the WCD for reentry of its order of February 1, 1990, effective as of February 1, 1990.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.