**Henry L. NAHREBESKI, Appellee,**

v.

**CINCINNATI MILACRON MARKETING COMPANY, Appellant.**

No. 94–2169.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1994.

Decided Dec. 1, 1994.

that the Board merely projected McCall's release on this date if he managed to meet the statutory preconditions.

Donald W. Griffin, Kansas City, MO, for appellant.

Martin M. Meyer, Kansas City, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge and McMILLIAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Henry L. Nahrebeski brought this action against the Cincinnati Milacron Marketing Company under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The District Court denied defendant's motion for summary judgment, 835 F.Supp. 1130 (W.D.Mo.1993) (Stevens, C.J.). The case was then tried to a jury, which returned a verdict in plaintiff's favor. From the judgment entered on that verdict, defendant has appealed.

The parties have now submitted a joint motion to dismiss the appeal, reciting that the case has been settled. The motion also asks us to direct the District Court to vacate its judgment.

When a case is settled while the appeal is pending, obviously the appeal becomes moot and should be dismissed. This circumstance alone, however, does not justify vacation of the judgment being reviewed. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). In fact, vacation of the judgment under review is appropriate only if "exceptional circumstances" exist. *Id.* at ——, 115 S.Ct. at 393, and "those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur...." *Ibid.* We see no "exceptional circumstances" here, and the parties, appearing by counsel in open court at the time previously set for the oral argument on the appeal, have suggested none.

The Supreme Court's opinion, however, goes on to make the following observation:

> Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

*Id.* at ——, 115 S.Ct. at 393.

Counsel for both sides have agreed that we take the course thus suggested by the Supreme Court in *U.S. Bancorp.* Accordingly, the case having been settled by the parties, the appeal will be dismissed as moot, without prejudice to the right of either party to move the District Court under Fed.R.Civ.P. 60(b) that it vacate its judgment.

It is so ordered.