## MILAR ELEVATOR COMPANY and Zurich Insurance Company, Petitioners,

v.

## DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

### Michael Balenger, Intervenor.

### No. 96–AA–188.

District of Columbia Court of Appeals.

Dec. 18, 1997.

---

Before STEADMAN and KING, Associate Judges, and GALLAGHER, Senior Judge.

## ORDER

STEADMAN, Associate Judge:

This case, involving an employer's petition for review of a workers' compensation order resuming temporary total disability benefits for the intervenor employee, was argued and submitted on April 15, 1997. On August 6, 1997 the clerk of this court received a letter dated July 31, 1997 from counsel for petitioner Milar Elevator Company that "advised that since [oral argument] the parties have entered into a settlement of this case." The letter also "requested that the petitioner's appeal be dismissed and this case be remanded in order for this settlement to be considered by the Office of Workers' Compensation." On the same day the letter was received, a member of the clerk's staff telephoned petitioner's counsel and advised her that the court would not act on the letter but required a proper motion. On August 13, 1997 the court received "Petitioner's Motion to Dismiss Appeal" in which petitioner "move[d] this Court to dismiss their appeal due to the resolution of all issues" and "request[ed] this case now be remanded to the Department of Employment Services, Office of Workers' Compensation, for further proceedings." To date no opposition to this motion has been filed.

■ It is standard doctrine that "[w]hen the parties voluntarily agree to enter into a settlement, pending litigation concerning the controversy will be rendered moot because an effective resolution has been reached and further court action is unnecessary." 15 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 101.93[4] (3d ed.1997). *See also* 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.10 (2d ed.1984) (noting that "for the disposition of cases that become moot after final judgment in the district court but before decision of the last appeal that is available as a matter of right . . . the action [should be] dismissed as moot"). The Supreme Court most recently dealt with this issue in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The issue in *U.S. Bancorp*, however, was not whether settlement on appeal mooted the pending appeal

and required its dismissal, but under what circumstances an opinion of a lower court would be vacated. In *U.S. Bancorp* the Court and the parties simply took it for granted that the settlement required dismissal of the pending appeal. *See id.* at 389. Subsequent cases have cited *U.S. Bancorp* for the proposition that a settlement on appeal moots the appeal and requires its dismissal. *See Motta v. INS,* 61 F.3d 117, 118–19 (1st Cir.1995) (per curiam) (dismissing appeal as moot where parties settled following oral argument); *Nahrebeski v. Cincinnati Milacron Mktg. Co.,* 41 F.3d 1221, 1222 (8th Cir.1994) (per curiam) (noting that "[w]hen a case is settled while the appeal is pending, obviously the appeal becomes moot and should be dismissed"). Thus, we conclude that if the parties have settled the case the proper course of action is to dismiss the appeal as moot.[1]

■ The foregoing principles operate regardless of the *internal* decisional posture of the case at the time of settlement. No decision of this court is finally "made" until the written decision, concurred in by at least two judges of the division, is filed with the clerk's office and released to the public. Any "decision" prior to that point is provisional and may be rendered inoperative by events, such as the death of one of the members of the division, *see Breen v. District of Columbia Police & Firefighters Retirement & Relief Bd.,* 659 A.2d 1257, 1257 n. * (D.C.1995) (Senior Judge Reilly died the day before opinion was scheduled for release; new judge selected to replace him before issuance of opinion), or a last-minute change of mind by a division member or, as here, a suggestion of mootness before release of the opinion.

Indeed, even when an opinion has issued, if we subsequently learn that the case was moot at the time of issuance, we have vacated the opinion. In *Group Health Association v. Helmann* we issued an opinion at a time when several days previously the parties had settled the case and, two days prior to the issuance of the opinion, filed with us a joint motion to dismiss. Upon learning of these facts, we vacated the issued opinion. 675 A.2d 57 (D.C.1996) (per curiam). *See also Wilson v. United States,* 592 A.2d 480 (D.C. 1991) (per curiam) (released opinion vacated when case was in fact moot at time of issuance of opinion as a result of a prior trial court order vacating the conviction); *Verrett v. Stempson,* 643 A.2d 902 (D.C.1993) (per curiam) (released opinion on habeas corpus appeal vacated when, while appeal was under consideration, appellant was released from prison). If mootness discovered after issuance of an opinion warrants the vacation of the opinion, a fortiori mootness discovered while an appeal is still pending would forestall the issuance of an opinion.

■ The procedural mechanism for voluntarily dismissing an appeal once it has been docketed in this court is found in D.C.App. R. 42(b) which provides that

> [a]fter an appeal has been docketed in this court, and the parties sign and file with the clerk two copies of an agreement that the appeal be dismissed, specifying the terms as to payment of costs, and pay any fees due, the clerk shall enter a dismissal of the appeal; but no mandate or other process shall issue without an order of the court. An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court.

Our rule is substantially similar to FED. R.APP.P. 42(b). Thus, under D.C.App. R. 42(b), as under the federal rule, "[v]oluntary dismissal of an appeal may occur in three ways: by signed stipulation of the parties; on the appellant's motion with terms agreed to by the parties; or on the appellant's motion with terms fixed by the court." 20 MOORE, *supra,* § 342.02. Despite the language of the first sentence, one commentator has concluded that "there is no absolute right to secure a voluntary dismissal after the appeal has been docketed." 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD

---

1. Some state cases have applied a narrow exception to this rule in appeals involving issues of continuing and unusual public importance demanding authoritative judicial decision. *See, e.g., California ex rel. State Lands Comm'n v.* *Superior Court,* 11 Cal.4th 50, 44 Cal.Rptr.2d 399, 404–05, 900 P.2d 648, 653–54 (1995). Even assuming such an exception to exist in our jurisprudence, we do not think it applicable to the situation before us.

H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3988 (2d ed.1996). The court "is not bound by the terms of the parties' agreement to dismiss the matter if the parties seek a mandate or other process" and "[i]f the relief sought by the parties involves a substantive disposition, the court determines if the requested action is warranted on the merits." 20 MOORE, *supra*, § 342.12[2][a]. "A motion by the appellant to dismiss under Rule 42(b) is generally granted, but may be denied in the interest of justice or fairness." 16A WRIGHT, *supra*, § 3988. "Rule 42(b) vests discretion in the court of appeals to order a dismissal as its sees fit. . . ." *Id. See also* 20 MOORE, *supra*, § 342.12[2][b].

▆ Here we are confronted with a letter by petitioner's counsel and an apparently unopposed motion to dismiss, both of which assert that the case has been settled. However, the motion to dismiss does not state the terms agreed upon by the parties, nor does it contain any information as to payment of costs and fees that may be due or otherwise fully set forth the proposed terms that the court might fix. Moreover, the motion is not simply a motion to dismiss the appeal outright, but rather to remand to the administrative agency for further proceedings. We note in this regard that settlements made by the interested parties are subject to approval by the administrative agency. D.C.Code § 36–308(8) (1997); 7 DCMR §§ 226.1–226.6 (1986). Thus, neither the letter nor the motion conforms fully to the requirements of D.C.App. R. 42(b).

The motion before us requests that the case be remanded for further proceedings before the administrative agency. It thus differs from an outright dismissal of the appeal by stipulation of the parties. We presume this remand is deemed *required by the* provisions of the D.C.Code and related regulations cited above, pursuant to which settlements are subject to approval by the administrative agency. In the petition before us, however, the agency itself is the respondent and therefore should be a party to any settle-ment that will result in dismissal of the appeal and remand. We will therefore construe the agreement by the agency to the requested remand to be as well an agreement to the terms of the settlement which is the basis for the remand.

Under the circumstances, we are not now prepared to grant the motion, but at the same time, in the face of an apparent settlement of the case, we are not prepared at this point to proceed with the issuance of a disposition of a petition for review which is apparently in fact moot.[2] Accordingly, it is

ORDERED that the motion is denied without prejudice to the prompt resubmission, no later than 20 days from the date of this order, of (1) "two copies of an agreement that the appeal be dismissed, specifying the terms as to payment of costs," signed by all parties to the appeal, including respondent and intervenor, or (2) a "motion by the appellant upon such terms as may be agreed upon by the parties," which motion shall likewise contain the signatures of all parties to the appeal, including respondent and intervenor. In the absence of such a timely submission, the court shall treat the proceeding as still in dispute between the parties and issue a dispositive opinion.

GALLAGHER, Senior Judge, concurring and dissenting:

Several months after oral argument in this proceeding, and at a time when the court's opinion was back from the printer and awaiting mailing by the Clerk of the Court, a letter (not a motion) was received from counsel for petitioners (Milar Elevator Company and Zurich Insurance Company) advising the court that "the parties" had entered into a settlement. This was at a time when the parties could well be expecting an opinion of this court (being the court of last resort in the jurisdiction) at any time. As is apparent from the court's order here, over three months after the letter to the court, the government, with all its institutional experi-

---

2. We see no reason to deny the motion simply because the apparent *settlement* comes far into the appellate decision-making process, any more than a settlement of a case would be thwarted simply because it came after, say, a lengthy trial and during the course of protracted jury deliberation. The amicable settlement of disputes is not only to be permitted but indeed encouraged right to the point of final decision by a court and, for that matter, even beyond.

ence, has incredibly not bestirred itself to file a document notifying the court of its position on a settlement, which would be a final disposition of this public interest proceeding; nor does even an initialing by the government appear on the petitioners' moving document.

The court's order here now notifies the parties that unless within twenty (20) days the parties proceed properly before the court in reference to a settlement agreement, the court will issue its opinion (which printed opinion has been resting in the clerk's office more than three months). I would have issued our printed opinion months ago.[1] That opinion would remand to the Agency for further proceedings, with guidance to the Agency from the court in its opinion in relation to future proceedings before the Agency on similar issues. Settlement proceedings could commence before the Agency.

In the final analysis, issuance of the court's printed opinion would by its terms remand to the Agency for further proceedings; and the court's order herein now remands to the Agency though for settlement proceedings. Where I depart from the court is I would also issue the court's printed opinion which is still languishing in our clerk's office, and I would have issued it long ago.

The court's opinion contains guidance to the Agency in future proceedings involving the same issue. So, I see no need to waste the court's opinion since the proceeding is being remanded to the Agency. Nevertheless, I am in agreement that in any event the proceeding must now be remanded for settlement proceedings, under D.C.App. R. 42(b).

---

1. This proceeding involved a management-labor issue before a governmental agency, and contains a certain guidance for the governmental agency in all similar proceedings. It has a public interest. Appellate courts around the country often disfavor parties awaiting settlement proceedings until after these litigants have exhausted all judicial resources (up to and including oral argument before the last appellate court). *See, e.g., Riesenecker v. Arkansas Best Freight Systems,* 110 N.M. 451, 796 P.2d 1147 (1990); *Berrios v.*

*Rybacki,* 236 Ill.App.3d 140, 177 Ill.Dec. 589, 603 N.E.2d 659 (1992); *Marino v. Marino,* 411 Pa.Super. 424, 601 A.2d 1240 (1992); *California Insurance Guarantee Ass'n v. Liemsakul,* 193 Cal. App.3d 433, 238 Cal.Rptr. 346 (1987); *California ex rel. State Lands Comm'n v. Superior Court,* 11 Cal.4th 50, 44 Cal.Rptr.2d 399, 405, 900 P.2d 648, 654 (1995); *see also* 15 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 101.99[3], at 101–191 (3d ed.1997).