988 P.2d 665

**BANK OF HAWAII, a Hawai'i banking corporation, Plaintiff-Appellee,**

v.

**Allan Ryo KUNIMOTO, aka Allan R. Kunimoto, Allan R. Kunimoto as trustee of that certain unrecorded Allan R. Kunimoto Revocable Trust Agreement dated February 19, 1981, as amended, Living Designs, Inc., a Hawai'i corporation, Defendants–Appellants,**

and

**John Does 1–10, Doe Partnerships, Corporations or Other Entities, 1–20, Defendants.**

No. 19248.

Intermediate Court of Appeals of Hawai'i.

Aug. 25, 1999.

Gregg Young, Honolulu, on the motion for reconsideration for defendants-appellants.

Katherine G. Leonard and Brent K. Yamashita (Carlsmith Ball), Honolulu, on the motion to dismiss.

ACOBA, J., Circuit Judge MCKENNA, in Place of Associate Judge WATANABE, Recused, and Circuit Judge KOCHI, in Place of Associate Judge KIRIMITSU,[1] Recused.

ACOBA, J.

On September 4, 1997, this court issued its decision on the appeal of Defendant–Appellant Allan R. Kunimoto (Defendant) from certain deficiency judgments of the first circuit court. On September 15, 1997, Defendant filed a motion for reconsideration pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 40(a) and (b). We then issued an order extending the time for our decision

---

1. Associate Judge Walter S. Kirimitsu resigned from his judgeship at the close of business on January 28, 1999.

on the motion until October 15, 1997 and directed Plaintiff–Appellee Bank of Hawaii (BOH) to file its answer to the motion by October 1, 1997. However, on September 30, 1997, we received a notice of automatic stay informing this court that Defendant had commenced a Chapter 11 bankruptcy proceeding in federal court; therefore, all pending matters in the appeal were stayed.

On March 31, 1999, BOH moved to substitute the bankruptcy estate trustee for the Defendant in this appeal. In support of the motion, BOH represented that "[o]n May 30, 1998, the Trustee and [BOH] entered into a Settlement Agreement which, among other things, resolved the claims on appeal herein." Apparently, part of that settlement called for this appeal to be dismissed. On April 29, 1999, BOH filed a certified copy of the bankruptcy court's order lifting the stay of proceedings in the instant appeal. On May 11, 1999, we granted BOH's motion to substitute the trustee in bankruptcy for Defendant.

On May 17, 1999, BOH requested that we postpone our decision on Defendant's motion for reconsideration to allow a stipulation for dismissal of the appeal to be filed as provided under the settlement agreement. On May 20, 1999, Defendant filed objections to the denial of his motion for reconsideration. On May 20, 1999, BOH filed a motion to dismiss this appeal pursuant to HRAP Rule 42(b).[2] To date we have not received either a stipulation to dismiss or an answer to BOH's motion to dismiss from the trustee or Defendant.

We believe the following is the appropriate course for disposing of Defendant's motion for reconsideration and BOH's motion to dismiss appeal.

First, we note that enforcement of the settlement agreement reached by the parties is properly sought in the bankruptcy court through proceedings there.

Second, the stay having been lifted, we deny Defendant's motion for reconsideration and reaffirm our disposition of the issues he raised as reflected in footnote 5 of our opinion.

 Finally, we deny BOH's motion to dismiss appeal but vacate any dispositional orders therein and order the opinion published for the reasons following. In *Riesenecker v. Arkansas Best Freight,* 110 N.M. 451, 796 P.2d 1147 (App.1990), the New Mexico Court of Appeals was faced with the question of whether it should publish an opinion when after the opinion was issued, the parties settled the case. Among the factors the appellate court considered were whether: (1) the case was moot when the opinion was issued; (2) the issues decided were matters of substantial public interest; (3) the agreement of the parties could be effectuated and the opinion published; and (4) the opinion would assist litigants and the trial courts in the future. *Id.* at 1148–49.

The Court of Appeals of Indiana also faced a similar question and utilized similar factors in its analysis as well in *Weldon v. Universal Reagents,* 714 N.E.2d 1104 (Ind.App.1999). As of the date of issuance of its decision, the appeal in *Weldon* was still pending and viable; the opinion was issued before the court was informed of a settlement; and "the court's opinion, while not affecting the parties, decide[d] an important issue of first impression in [that] jurisdiction." *Id.*

When we issued our opinion on September 4, 1997, the case was not moot. The parties had not settled their dispute over the issues on appeal; therefore, the appeal was still pending and viable. Copies of the opinion have already been distributed to the parties, the trial court, and numerous others. We believe the issues presented are of substantial public interest and publication of this opinion will assist litigants and the trial courts in the future. Finally, as noted *supra* the parties will not be affected by the publi-

---

**2.** Hawai'i Rules of Appellate Procedure Rule 42(b) states:

*Dismissal in the appellate courts.* If the parties to a docketed appeal or other proceeding shall sign and file with the clerk of the Supreme Court an agreement that the proceeding be dismissed, specifying the terms as to pay-

ment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed, but no mandate or other process shall issue without an order of the court. Upon motion and notice the appellate court may dismiss the appeal upon terms fixed by the court.

cation of the opinion. We conclude thus that the opinion should be published. Therefore,

IT IS HEREBY ORDERED that Defendant's motion for reconsideration is denied and BOH's motion to dismiss the appeal is denied. It is further ordered that any dispositional orders in the September 4, 1997 opinion of this court are vacated, but the opinion shall be published.