In the

# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 05-2394, 06-1481, 06-2456

MARSEILLES HYDRO POWER LLC,

*Plaintiff-Appellee*,

*v.*

MARSEILLES LAND & WATER CO.,

*Defendant-Third-Party-Plaintiff-Appellant*,

and

FIELD CONTAINER CO. *et al.*,

*Third-Party-Defendants-Appellees*.

———————

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 00 C 1164, 04 C 1427—**Harry D. Leinenweber**, *Judge*.

———————

SUBMITTED NOVEMBER 15, 2006—DECIDED APRIL 9, 2007

———————

Before POSNER, RIPPLE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. Marseilles Hydro, owner of a hydroelectric plant, brought suit to compel Marseilles Land & Water—the owner of a canal that supplies the plant with the water it needs to generate electricity—to repair the canal. (For the early stages of this protracted litigation, see our previous opinion reported at 299 F.3d 643

(7th Cir. 2002).) The water company filed a third-party complaint against three companies, one of which is Field Container. The district judge granted summary judgment in favor of the third-party defendants on the ground that the water company's claim was barred by the statute of limitations. The judge certified his order dismissing the third-party complaint for an immediate appeal, Fed. R. Civ. P. 54(b), and the water company has appealed. But the water company and Field have now settled their dispute—conditional, however, not only on our dismissing the appeal as to Field (which is unexceptionable), but also on our vacating so much of the district court's decision concerning the third-party complaint as pertains to Field.

The Supreme Court held in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), that by agreeing to a settlement the parties to an appeal renounce the right to challenge the decision that was appealed. The Court suggested that this rule could be waived in "exceptional circumstances," but was emphatic that the mere fact that the settlement was conditional on vacating the decision appealed from was not an exceptional circumstance. *Id*. at 29; see also *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988). The water company and Field do not claim exceptional circumstances. But there is a complication: as an alternative to our vacating the part of the district court's decision that pertains to Field, they ask us to remand the case to the district court for it to consider whether to vacate that part of its decision under Fed. R. Civ. P. 60(b).

We have the power to order such a remand. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, supra,* 513 U.S. at 29; *Pressley Ridge Schools v. Shimer*, 134 F.3d 1218, 1222 (4th Cir. 1998); *Nahrebeski v. Cincinnati Milacron Marketing Co.*,

41 F.3d 1221 (8th Cir. 1994). And we agree with the court in *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168-69 (9th Cir. 1998), that on remand the district court would not be cabined by the "exceptional circumstances" test. The Court in *Bancorp* said that the court of appeals can remand a case even in the absence of such circumstances, 513 U.S. at 29, which would make no sense if the district court could not vacate its judgment in that absence. But cf. *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 116-21 (4th Cir. 2000).

Yet for us to remand in this case might seem to make little sense because the district court's action on remand would pertain only to the dispute between the water company and Field. The rest of the appeal would be unaffected, so that the main effect of the remand would be to delay the resolution of the appeal. Or would it? Remember that the settlement is *conditional* on the district court's dismissing so much of its decision as pertains to Field. If the district court refuses to dismiss, the settlement may fall through, and it would be awkward for the appeal to be proceeding while the identity of the parties to the appeal remained in doubt. That is a compelling reason not to remand just the part of the appeal that pertains to the dispute between the water company and Field, and retain the rest. It would be better to remand the entire case under Circuit Rule 57 and, to avoid unnecessary delay, direct the water company and Field promptly to file in the district court their motion (presumably under Fed. R. Civ. P. 60(b)(6), the catch-all provision of Rule 60(b)) to vacate the relevant part of the judgment. The district judge would advise us whether it was inclined to grant a Rule 60(b)(6) motion to vacate its decision regarding Field, and if it so advised we would then remand the entire case so that the judge could grant the motion.

But—a huge but—it has become apparent, from the parties' response to our request for a fuller statement of why they have conditioned settlement on the vacating of the district court's decision pertaining to Field, that their reason for seeking this relief rests on a misunderstanding. Remember that there are other third-party defendants with which the water company—the third-party plaintiff—has not settled. The water company, in its own words (with which Field concurs), "fears that if the [Field] judgment is not vacated, that judgment would become law of the case which is no longer subject to appeal. That precedent could in turn preclude appeal of the same issue with regard to the other third-party defendant . . . . [I]t could preclude the Appellate Court [i.e., this court] from determining the statute of limitations issue." (Remember that the statute of limitations was the basis on which the district judge dismissed the third-party complaint.) That is incorrect. The doctrine of the law of the case creates a presumption against a court's reexaming *its own* rulings in the course of a litigation. It has no application to the review of rulings by a higher court. "The doctrine of law of the case precludes reexamining a previous ruling (*unless by a higher court*) in the same case unless it was manifestly erroneous." *Starcon Int'l, Inc. v. International Brotherhood of Boilermakers*, 450 F.3d 276, 278 (7th Cir. 2006) (emphasis added). The water company cannot be prejudiced, in its litigation with the other third-party defendants in this court, by a ruling made by the district court.

The condition on the settlement is pointless, and with the misunderstanding cleared up we can assume that the settlement will go through. The relief sought is therefore

DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*