QUIZNO'S FRANCHISING II, LLC, Plaintiff–Appellant,

v.

ZIG ZAG RESTAURANT GROUP, LLC, a Pennsylvania limited liability company, Ellen Blickman, and Richard Piotrowski, Defendants–Appellees.

Nos. 09CA0315, 09CA1477.

Colorado Court of Appeals, Div. V.

June 10, 2010.

Moye White LLP, William F. Jones, Denver, Colorado, for Plaintiff–Appellant.

Patton Boggs LLP, Jeffrey Cohen, Maxine S. Vasil, Denver, Colorado, for Defendants–Appellees.

PER CURIAM.

This case comes before us on our order to show cause why (1) appellant, Quizno's Franchising II LLC (Quiznos), did not file a motion to dismiss within a reasonable time after the settlement agreement was signed on March 22, 2010, and (2) this court should not take further appropriate action, including potentially imposing sanctions. We do not impose sanctions and thus discharge the order to show cause and dismiss the appeal.

The pertinent facts are not disputed. This case involves consolidated appeals by Quiznos. The matter was fully briefed, the case was at issue as of February 8, 2010, and on March 12, 2010, oral argument was set for May 12, 2010.

On May 5, 2010, Quiznos filed a motion to dismiss and to vacate the oral argument. In that pleading, Quiznos stated, "The parties have reached an agreement and signed a Settlement, Release and Termination Agreement on *March 22, 2010*." (Emphasis added.) Because Quiznos offered no explanation for its long delay in filing this motion, we issued our order to show cause.

In its response, Quiznos does not dispute any of the above-described facts. Rather, it

apologizes for any inconvenience or waste of judicial resources and explains that although a settlement agreement was signed on March 22, 2010, the settlement resolution was not completed until a number of other actions, including a payment, were complete.

■ Quiznos also states that upon completion of the settlement on April 7, 2010, counsel for Quiznos contacted this court "to inform [it] of the dismissal and determine what paperwork needed to be filed to formalize that dismissal." Quiznos states that its counsel "was under the impression that this communication with the court did apprise the court that a formal dismissal document would be forthcoming." As a matter of practice, however, our clerk's office would have advised anyone making such a contact that notification regarding a settlement must be made in writing and served on all other parties.

■ We reaffirm our court's standard practice that oral notification of the settlement of a pending appeal is insufficient. A party must provide the court with notice of the settlement of a pending appeal immediately and in writing. The notification may take the form of a motion to dismiss the appeal or a motion to stay the appeal and continue oral argument, as appropriate. Counsel should also consider providing such a notification if settlement appears imminent, to avoid any needless expenditure of judicial resources.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const.art. VI, § 5(3), and

■ As courts in other states have held, the failure to provide appropriate and timely written notification of the settlement of a pending appeal is a ground for the imposition of sanctions against a party or its counsel. *See, e.g., Huschke v. Slater,* 168 Cal.App.4th 1153, 86 Cal.Rptr.3d 187, 193–95 (2008) (sanctioning counsel for unreasonable delay in notifying appellate court of settlement); *Merkle v. Guardianship of Jacoby,* 912 So.2d 595, 601 (Fla.Dist.Ct.App.2005) (imposing sanctions for counsel's failure to notify court immediately of settlement of pending case); *Riesenecker v. Arkansas Best Freight Systems,* 110 N.M. 451, 796 P.2d 1147, 1148 (N.M.Ct.App.1990) (noting that failure to notify court of settlement until after the court decided the appeal was conduct that was prejudicial to the administration of justice and that in the future, the court would routinely advise disciplinary counsel of any instance in which appellate counsel had not forthwith informed the court of a settlement, in whole or part, of a pending case). Nonetheless, in the circumstances presented here, we decline to impose such sanctions.

Accordingly, the order to show cause is discharged, and this appeal is dismissed.

WEBB, GABRIEL, and PLANK\*, JJ.

§ 24–51–1105, C.R.S.2009.