Alden N. WILSON, Appellant,

v.

UNITED STATES, Appellee.

No. 87–722.

District of Columbia Court of Appeals.

May 31, 1991.

Kenneth H. Rosenau, Washington, D.C., for appellant.

John R. Fisher, Asst. U.S. Atty., for appellee.

Before ROGERS, Chief Judge, and BELSON and STEADMAN, Associate Judges.

ORDER

PER CURIAM.

On consideration of the responses filed by appellant and appellee to this court's August 9, 1990, order to show cause why this appeal should not be dismissed as moot, it is

ORDERED that this court's opinion and order filed January 19, 1990, 568 A.2d 817, are hereby vacated. It is

FURTHER ORDERED that this appeal is hereby dismissed as moot.

Statement of Chief Judge ROGERS, with whom Associate Judges BELSON and STEADMAN join, on granting the motion to dismiss the appeal and vacate opinion:

By what is, presumably, an unusual set of circumstances, the trial court purported to set aside appellant's conviction while the appeal from the conviction was pending. No notice was given to this court of the trial court's intention so that the case could be remanded to the trial court. See Smith v. Pollin, 90 U.S.App.D.C. 178, 179, 194 F.2d 349, 350 (1952) (when trial court advises of intent to grant a motion, case will be remanded so trial court has jurisdiction to act). Nor was any notice apparently given to appellant's appellate attorney. Only af-

** Associate Judge Farrell has recused himself       from this case.

ter issuing a decision on appeal was this court advised of the trial court's action.

The record shows that on May 3, 1988, the trial court entered an order setting aside appellant's conviction pursuant to D.C.Code § 24–806(b) (youth offender placed on probation). On January 19, 1990, this court issued its opinion. Thereafter, this court learned of the trial court's order. On August 9, 1990, this court remanded the case to the trial court with instructions to reenter its May 5, 1988, *nunc pro tunc.*

Accordingly, since this court would normally remand a case upon notice that the trial court intends to set aside a conviction,

I have voted to dismiss the appeal as moot and to vacate our opinion of January 19, 1990. *See Howell v. United States,* 455 A.2d 1371, 1372 (D.C.1983) (en banc) (dismissing appeal *nunc pro tunc* and vacating appellate court opinion upon learning that the appellant had died before appeal was filed).[1]

---

**1.** *Compare Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1961) (denying petition for abatement of judgment although petitioner had died ten days before the petitioner for certiorari had been filed) *and In re United States of America,* No. 87–5338 (D.C.Cir. March 8, 1991) (opinion not vacated where parties entered into post judgment settlement) *with Clarke* *v. United States,* 286 U.S.App.D.C. 256, 915 F.2d 699 (1990) (en banc) (opinion vacated and appeal dismissed as moot where legislation passed during pendency of petition for rehearing en banc). *See generally* C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3533.1 at 229 & nn. 36–37 (2d. ed. 1984).