Linda C. WHEELER, et al., Appellants,

v.

William E. GOULART, et al., Appellees.

Nos. 91–CV–442 & 91–CV–450.

District of Columbia Court of Appeals.

April 23, 1993.

Before STEADMAN and WAGNER, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Before us is a renewed motion to vacate the opinion of this court in *Wheeler v. Goulart*, 593 A.2d 173 (D.C.1991). In that expedited mid-trial appeal, decided May 17, 1991, we affirmed an order of the trial court compelling appellant, a newspaper reporter, to disclose a source against a claimed First Amendment newsgatherer's privilege, in litigation to which she was not a party.[1] On May 20, 1991, before the reporter was recalled to the stand, the trial court declared a mistrial.[2] A new trial date was set for late October.

A petition for rehearing by the court *en banc* was denied on September 17, 1991. Appellant[3] had ninety days thereafter within which to file a petition for a writ of certiorari to the United States Supreme Court. 28 U.S.C. § 2101(c) (1988); U.S. Sup.Ct.R. 13.1, 13.4. During that period, however, on October 10, 1991, the parties to the underlying litigation settled the dispute, thereby obviating any possibility that appellant would be called to testify.

Forty years ago, in *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), the Supreme Court stated that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 39, 71 S.Ct. at 106. Likewise, it has been said that "it is appropriate for a court of

---

**1.** That consolidated appeal also involved several other trial court orders related to this issue.

**2.** Immediately following the mistrial, appellant filed a motion to vacate the opinion and dismiss the appeal as moot, which was denied.

**3.** For convenience, we use the singular, referring to the appellant reporter. Joining her on appeal was her employer, The Washington Post.

appeals to vacate its own judgment if it is made aware of events that moot the case during the time available to seek certiorari." 13A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.10, at 435 (2d ed. 1984) (citing cases).

■ Subsequently, however, substantial authority has recognized that the vacation by a deciding appellate court of its own opinion once rendered is a discretionary matter, although the cases are in some disagreement as to the point in the proceedings at which such discretion first attaches. We need not resolve that issue here because in any event it appears that vacation of a decision by a deciding appellate court is not compelled after final completion of proceedings before that court. The cases are collected and discussed in opinions rendered in a recent decision of our companion federal court of appeals and there is no need to duplicate that effort here. *See Clarke v. United States*, 286 U.S.App.D.C. 256, 263–65, 266–72, 915 F.2d 699, 706–08, 709–15 (1990) (en banc).[4]

■ The principal concern here is the assertion by appellant that she was denied the possibility of further review of our judgment in the United States Supreme Court because of the settlement during the time within which at least theoretically appellant could have sought certiorari. However, appellant took no advantage of our procedures to stay the issuance of the mandate provided in D.C.App.R. 41(b):

*Stay of mandate pending application for certiorari.*

A stay of the mandate pending application to the Supreme Court for a writ of certiorari may be granted upon motion. The stay shall not exceed thirty days from the date on which the mandate would have issued pursuant to section (a) of this rule unless the period is extended for cause shown. If, before issuance of the mandate pursuant to section (a), or during the period of a stay ordered by the court, there is filed with the clerk a notice from the Clerk of the Supreme Court that a petition for writ of certiorari has been filed in that court, the clerk shall not issue the mandate until final disposition by the Supreme Court of the petition. Upon the filing of a copy of an order of the Supreme Court denying the petition for writ of certiorari, the clerk shall issue the mandate immediately. A bond or other security may be required as a condition to the grant or continuance of a stay of the mandate.

Thus, our rules provide a mechanism whereby a party considering whether to petition for further review is able to maintain the appellate status of an action, in effect serving as a stay of the appellate determination.[5] *See, e.g., In re Thorp*, 655 F.2d 997, 999 (9th Cir.1981) (criminal contempt finding by trial court a "nullity" when made before mandate had issued).

No such motion was filed in this case; rather, the mandate issued in due course seven days after the denial of the petition for rehearing en banc, pursuant to D.C.App.R. 41(a).[6] "Issuance of the mandate formally marks the end of appellate jurisdiction." *Johnson v. Bechtel Assocs. Professional Corp, D.C.*, 255 U.S.App.D.C.

---

**4.** *See also In re United States*, 288 U.S.App.D.C. 354, 927 F.2d 626 (1991). The only instances of a vacation of a published opinion of which we are aware in our jurisprudence are *Wilson v. United States*, 592 A.2d 480 (D.C.1991) and *Howell v. United States*, 455 A.2d 1371 (D.C.1983) (en banc). In both cases, the vacation was based on events occurring prior to the issuance of the opinion but unknown to this court at the time of the issuance: in *Wilson*, the setting aside by the trial court of the judgment of conviction appealed from, and in *Howell*, the death of the appellant.

**5.** This is not to be confused with a stay pending appeal of a trial court judgment or order, which

may be granted either by the trial court or by this court under D.C.App.R. 8. In the instant case, we granted on April 26, 1991, a stay of the trial court's order "pending disposition of this appeal."

**6.** We note that at the time of the first mootness motion, *see* note 2, *supra*, appellant did ask for a stay of the mandate under D.C.App.R. 41(a) to permit a belated filing of a petition for rehearing en banc. Neither that motion nor our order extending the time to file the petition can be construed as bearing upon a stay under D.C.App.R. 41(b).

198, 201, 801 F.2d 412, 415 (1986) (per curiam). Accordingly, on September 25, 1991, "[j]urisdiction return[ed] to the tribunal to which the mandate [was] directed, for such proceedings as may be appropriate," *id.*, and as far as this court was concerned, all appellate review, obligatory or optional, was at an end.[7] *See also United States v. DiLapi*, 651 F.2d 140, 144 (2d Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *United States v. Eisner*, 323 F.2d 38, 42 (6th Cir. 1963) (upon issuance of mandate, enforcement of judgment in trial court was "authorized and proper," unaffected by petition for certiorari).[8]

Thus, at the time of the settlement of this case, jurisdiction had revested in the trial court, with appellants having made no efforts to stay the effect of our ruling or to seek further review. We note also that the petition for rehearing en banc by this court was denied without a single judge having called for a vote on the petition. *See* D.C.App.R. 40(b). We therefore conclude in the exercise of our discretion that while further discretionary review was still a theoretical possibility when the case was settled, under all the circumstances presented here the case had reached practical finality and should not be disturbed. Accordingly, the motion to vacate the opinion is

*Denied.*

---

7. The issuance of the mandate, however, has no relevance either to the time within which a petition for certiorari may be filed, U.S. Sup. Ct.R. 13.4, or to the jurisdiction of the Supreme Court. *Aetna Casualty & Surety Co. v. Flowers*, 330 U.S. 464, 467, 67 S.Ct. 798, 799, 91 L.Ed. 1024 (1947).

8. *See generally* 9 JAMES W. MOORE, BERNARD J. WARD & JO D. LUCAS, MOORE'S FEDERAL PRACTICE ¶¶ 241.01–.02 (2d ed. 1993); 16 CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & EUGENE GRESSMAN, FEDERAL PRACTICE AND PROCEDURE § 3987 (1977).