Charles E. JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CO–1424.

District of Columbia Court of Appeals.

Dec. 11, 1996.

James Klein and Julia Leighton, Public Defender Service, for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Ryan Rainey, and Jeanne M. Hauch, Assistant United States Attorneys, for appellee.

Before STEADMAN and FARRELL, Associate Judges, and BELSON, Senior Judge.

FARRELL, Associate Judge:

Appellant, charged with two counts each of aggravated assault and first-degree cruelty to a child, seeks reversal of an order detaining him before trial under D.C.Code § 23–1322 (1996). The trial court, after an evidentiary hearing, found by clear and convincing evidence, *id.* § 23–1322(b)(2), that no condition or combination of conditions of release would protect the safety of the community in the event appellant were released. Appellant's challenge rests entirely upon the fact that in making that finding, the trial court had before it—and considered—no other evidence of dangerousness than the fact that, and the manner in which, appellant committed the charged crimes.

We find no statutory or constitutional infirmity in the trial court's decision. Following a remand by this court for clarification, the trial court expressly found that there was not merely probable cause, but a substantial probability, that appellant committed the charged offenses.[1] This case therefore does not present the issue we reserved in *Lynch v. United States,* 557 A.2d 580 (D.C.1989) (en banc), of "whether impermissible 'bootstrapping' would occur were the government to rely exclusively on probable cause plus the circumstances of the charged crime to show dangerousness by clear and convincing evidence." *Id.* at 582 n. 5. Appellant argues, nonetheless, that when the evidence of dangerousness consists only of

1. "Substantial probability" is a standard "higher than probable cause." *United States v. Edwards,* 430 A.2d 1321, 1339 (D.C.1981) (en banc), *cert.* *denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982).

the charged offenses, due process requires a finding by clear and convincing evidence that the defendant committed those offenses.

We reject that contention. First of all, it would require us to rewrite a statute designed carefully to meet constitutional concerns. *Cf. United States v. Salerno*, 481 U.S. 739, 751, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987) (noting Congress' "careful delineation," in corresponding federal statute, of circumstances permitting detention in order to meet due process standard). The statute is explicit in linking the requirement of clear and convincing evidence to the ultimate determination of dangerousness. In making that determination, the trial court must consider, *as one factor*, "[t]he weight of the evidence against the person." D.C.Code § 23–1322(e)(2). Another factor it must consider is "[t]he nature and circumstances of the offense charged." *Id.* § 23–1322(e)(1). Two additional factors are enumerated. *Id.* § 23–1322(e)(3) & (4). It is consideration of these facts in the aggregate that leads to a determination (or not) of dangerousness by clear and convincing evidence. Moreover, only in one place does the statute specify a measure for "the weight of the evidence" of the charged crime, and in doing so it sets that measure at "substantial probability," not clear and convincing evidence. *See id.* § 23–1322(c) (establishing "rebuttable presumption" of dangerousness in enumerated circumstances upon finding of substantial probability that person committed the acts). The statute therefore offers no support for an argument that, in some circumstances, the weight of the evidence against the defendant must itself rise to the level of clear and convincing.

Nor does the Constitution support that argument. We assume, for the sake of argument, that due process requires that the ultimate fact—or mixed legal-factual determination—of dangerousness be supported by clear and convincing evidence. *See, e.g., Kleinbart v. United States*, 604 A.2d 861, 869 (D.C.1992) (stating that in *Lynch, supra*, this court "implicitly constitutionalized" the re-

quirement of proof of dangerousness by clear and convincing evidence). But that is very different from saying, with appellant, that "the single historical fact on which the prediction [of dangerousness] rests" must itself be shown by clear and convincing evidence. The Supreme Court expressly recognized the difference in *United States v. Salerno, supra.* In rejecting a due process challenge to the federal pretrial statute as "a scattershot attempt to incapacitate those who are merely suspected of [enumerated] serious crimes," the Court explained:

> The Government must first of all demonstrate probable cause to believe that the charged crime has been committed by the arrestee, but that is not enough. In a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person.

481 U.S. at 750, 107 S.Ct. at 2103. While the weight of the evidence against the defendant is undeniably an important factor, due process does not require that it trump every other consideration in the cumulative predictive judgment of dangerousness. Here, after finding a substantial probability that appellant committed the charged crimes,[2] the trial court went on to emphasize the manner in which appellant assaulted the child under his care. The 3½ month old baby had been admitted to the hospital with multiple skull fractures and rib fractures. The rib fractures appeared to have been inflicted some days before the multiple skull fractures. Appellant admitted striking the baby three to four times. The trial court reasoned that "[f]or a person to use the amount of force he did on a 3½ month old child causing permanent head injuries and rib fractures ... demonstrates that he poses a threat if allowed to return to the community." Thus, the aggravated, even brutal, circumstances of the charged crime furnished the evidence of dangerousness that in another case (say) a pattern of past and present criminality would provide. We see no constitutional difference

---

**2.** As that finding is not clearly erroneous, we have no reason to disturb it. D.C.Code § 17– 305(a) (1989).

between hypothetical evidence of dangerousness distributed over multiple separate episodes (each in theory established by as little as probable cause) and the evidence here of a single charged episode of repeated assaults marked by extreme indifference to life or death of the child victim.[3] Nothing in due process says that in the latter but not the former case a single factor—the strength of the evidence—must reach the same level of proof as the ultimate finding of dangerousness.

In *Lynch, supra,* we stressed that the standard of clear and convincing evidence

> applies to the ultimate determination of dangerousness which the trial court must make, not to each individual fact on which the court relies. "The sum of an evidentiary presentation may well be greater than its constituent parts."

557 A.2d at 582 (quoting *Bourjaily v. United States,* 483 U.S. 171, 180, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987)). Applying that principle here, we affirm the order of pretrial detention.

*So ordered.*

Claire T. Roth, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Eileen F. Sheehan, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, and Elizabeth Trosman, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

---

**3.** Had the evidence shown by a substantial probability that appellant tortured the victim, we would scarcely even pause before sustaining a finding that he was clearly and convincingly dangerous for § 23–1322's purpose.