Cleveland BRYAN, Appellant,

v.

**UNITED STATES, Appellee.**

**No. 03–CO–819.**

District of Columbia Court of Appeals.

Nov. 26, 2003.
As Amended Dec. 16, 2003.

Before: REID and GLICKMAN, Associate Judges, and KERN, Senior Judge.

### ORDER

PER CURIAM.

On September 4, 2003, this court issued a majority panel opinion affirming the trial court's decision ordering appellant Cleveland Bryan held without bond until his trial on the charge of assault with intent to murder while armed; one member of the panel dissented. *See Bryan v. United States,* 831 A.2d 383 (D.C.2003) (*Bryan I*). On October 16, 2003, attorneys for Mr. Bryan and the United States informed the court that the charge against appellant has been dismissed, and that no indictment was filed against him within the time limit imposed by the pre-trial detention statute, D.C.Code § 23–1322(d) (2001).

On October 9, 2003, Mr. Bryan and the government filed a joint motion to vacate the opinion of September 4, 2003. While "vacation of a decision by a deciding appellate court is not compelled after final completion of proceedings before that court," *Wheeler v. Goulart*, 623 A.2d 1177, 1178 (D.C.1993), "it is appropriate for a court of appeals to vacate its own judgment if it is made aware of events that moot the case during the time available [for further review, such as rehearing en banc]." *Id.* (citing 13A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.10, at 435 (2d ed. 1984) (citing cases)). But we do not exercise that discretion lightly. For example, in 1983, we vacated our opinion after learning that the appellant had died while the appeal was under consideration. *Howell v. United States*, 455 A.2d 1371 (D.C.1983) (en banc). We vacated an opinion in 1991, after learning that appellant Alden N. Wilson's conviction had been set aside prior to the issuance of that opinion. *Wilson v. United States*, 592 A.2d 480 (D.C.1991). And in 1996, we vacated our opinion in *Group Health Ass'n v. Helmann*, 672 A.2d 1089, *vacated*, 675 A.2d 57 (D.C.1996), after learning that "several days previously the parties had settled the case and, two days prior to the issuance of the opinion, filed with us a joint motion to dismiss." *Milar Elevator Co. v. District of Columbia Dep't of Employment Servs.*, 704 A.2d 291 (D.C. 1997) (citing *Helmann, supra*).[1]

Here, the parties "recognize that [they have made] an unusual request but believe it is an equitable result...." Subsequent to the issuance of our majority opinion affirming the trial court's order of detention, the government made certain disclosures to the defense that were not part of the record in *Bryan I*. The trial court depended heavily upon the fact that Witness One in the case had acknowledged his own guilt thereby giving credence to Witness One's assertion that Mr. Bryan was a fellow shooter in this murder case. At the time of its order, the trial court was unaware that Witness One entered a plea of guilty to the shooting in this case, as well as to other crimes, pursuant to a plea agreement with the prosecutor. Nor was the court aware of the plea agreement. Given these circumstances the government and Mr. Bryan's counsel explain why this court should take the unusual step of vacating its opinion in *Bryan I*:

Although the United States has agreed that it will not oppose a motion to reopen the detention hearing, appellant believes that he will be handicapped at that hearing by the existence of this Court's opinion affirming the previous order of detention. He therefore has stated an intention to petition the [c]ourt to grant rehearing and/or rehearing *en banc*. He also believes he is entitled to vacatur because, among other reasons, the opinion in the government's favor likely would not have been issued had these disclosures been made earlier. From the point of view of the United States, it seems wasteful to commit the attorney and judicial resources necessary to litigate and resolve such a petition when the United States has agreed that the detention hearing should be reopened. On the other hand, if such petition is not going to be filed, litigated, and ruled upon, it seems fair that the parties do their best to place appellant back in a position where that decision

---

1. Our concurring colleague relies upon *Udebiuwa v. District of Columbia Bd. of Med.*, 818 A.2d 160, 162 (D.C.2003) for the proposition that: "Vacatur is an 'extraordinary' remedy that is 'reserved for exceptional situations.'" We note that the issue in *Udebiuwa* concerned vacatur of the trial court's judgment, rather than an opinion of this court.

does not prejudice his request for release pending trial. Under these unique circumstances, appellee joins in the request that the Court's opinion be vacated.

We believe that both parties provide cogent reasons for exercising our discretion to vacate the September 24, 2003 opinion. Moreover, in the event of any future indictment of Mr. Bryan for his alleged participation in the shooting in the instant case, vacating our opinion serves "to protect the losing party [that is, Mr. Bryan] from the collateral effects of a judgment that [he] might have been able to have overturned but for the mooting event." *Clarke v. United States*, 286 U.S.App.D.C. 256, 264, 915 F.2d 699, 707 (1990) (en banc).

Unlike our concurring colleague, the majority sees no reason in this order vacating the opinions in *Bryan I* either to rehash the circumstances presented there, or to engage in speculation concerning whether the majority opinion "should have issued." Doing so defeats the purpose of the joint motion to vacate. Nor, given the stance of the government's appellate attorneys in this matter, do we find it necessary either to expound on the actions of the government attorney who was responsible for withholding pertinent information from the trial court and the defense, or to address the impact of that attorney's action on the work of this court.

Accordingly, it is

ORDERED that the joint motion to vacate the September 4, 2003, opinions is granted. It is

FURTHER ORDERED that the opinions of September 4, 2003, in *Bryan v. United States*, 831 A.2d 383 (D.C.2003) are hereby vacated.

GLICKMAN, Associate Judge, concurring in the result.

The United States and Cleveland Bryan jointly ask us to vacate our recent opinion affirming a pretrial detention order in *Bryan v. United States (Bryan I)*, 831 A.2d 383 (D.C.2003), and to dismiss Bryan's appeal. As the parties say, theirs is an unusual request, but we have decided to grant it. I write separately to explain why I think vacatur at the parties' behest is appropriate here.

Bryan was charged with assault with intent to murder while armed. In ordering Bryan detained without bond until his trial, the motions judge applied a statutory presumption of dangerousness that arises if the evidence at the detention hearing establishes by a "substantial probability" that the defendant committed a crime of violence while armed with a firearm. *See* D.C.Code § 23–1322(c) (2001). Bryan argued that the "substantial probability" standard of proof[2] was not met in his case because the only evidence linking him to the charged offense was a detective's testimony that an admitted accomplice to the crime, who was identified only as "Witness One," had implicated Bryan. In ruling that Witness One's uncorroborated accusation sufficed to trigger the statutory presumption of dangerousness, the motions judge explicitly relied on the absence of any evidence that Witness One had been induced to implicate Bryan by any promise

---

**2.** The statutory "substantial probability" standard is a higher degree of proof than probable cause. It "was intended to be equivalent to the standard required 'to secure a civil injunction—likelihood of success on the merits.'"

*United States v. Edwards*, 430 A.2d 1321, 1339 (D.C.1981) (en banc) (citation omitted); *accord, Pope v. United States*, 739 A.2d 819, 823 n. 10 (D.C.1999); *Jones v. United States*, 687 A.2d 574, 574 n. 1 (D.C.1996).

or hope of favorable treatment in his own criminal case.

Bryan appealed the pretrial detention order to this court. We affirmed the order on September 4, 2003, in *Bryan I*, in an opinion by Judge Kern from which I dissented. Like the motions judge, the majority relied in part on the absence of any reason in the record of the detention hearing why Witness One would falsely accuse Bryan after admitting his own guilt. *Bryan I*, 831 A.2d at 387 n. 5. My dissent argued, *inter alia*, that it was not "appropriate to find Witness One trustworthy merely because the record contains no affirmative evidence of bias on his part." *Id.* at 394. Given the presumptive unreliability of uncorroborated accomplice accusations,[3] it was significant in my view that the government had not disclosed "whether Witness One had been promised or was seeking more lenient treatment or whether he had been given inducements in connection with his pending cases in exchange for his cooperation with the police." *Id.* at 389 (internal quotation marks omitted). Be-cause the government did not present "evidence concerning the circumstances under which Witness One confessed and implicated Bryan" or any other evidence to corroborate Witness One's accusation of Bryan, I concluded that the government had failed to meet its statutory burden of proof at the pretrial detention hearing. *Id.* at 395.[4]

One month after we issued our decision in *Bryan I*, on October 9, 2003, the United States and Bryan jointly moved this court to vacate the majority opinion and to dismiss Bryan's appeal so that his pretrial detention hearing could be reopened for the receipt of additional evidence concerning Witness One. (The parties also asked this court to stay the issuance of its mandate and toll the time to file a petition for rehearing and rehearing en banc pending the resolution of their motion.) While that motion was still under consideration, the parties filed a supplemental notice informing us that no indictment had been returned against Bryan within the time limits imposed by the pretrial detention

---

**3.** *See, e.g., Price v. United States*, 531 A.2d 984, 986 (D.C.1987) ("[A]ccomplice testimony is inherently less reliable than that of other witnesses.") (quoting *United States v. (Lloyd) Lee*, 165 U.S.App.D.C. 50, 57, 506 F.2d 111, 118 (1974)); *accord, (Millie) Lee v. Illinois*, 476 U.S. 530, 541, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (declaring that accomplices' confessions that incriminate defendants are "presumptively unreliable"); *Doret v. United States*, 765 A.2d 47, 66 (D.C.2000) ("suspect at best") (quoting *United States v. Hammond*, 681 A.2d 1140, 1145 (D.C.1996)). The reason for the courts' gingerly handling of uncorroborated accomplice accusations is simple. "The need for careful scrutiny of an uncorroborated accomplice reflects the danger, underscored by experience, that he may be giving a false account to secure lenient treatment." *(Lloyd) Lee*, 165 U.S.App.D.C. at 58, 506 F.2d at 119. "[T]he essential ground for suspecting the testimony of accomplice[s] is that they might have 'reason to expect that their sentence might depend upon their testi-mony.'" *Id.* at 58 n. 24, 506 F.2d at 119 n. 24 (citation omitted).

**4.** By not presenting evidence to corroborate Witness One's accusation of Bryan, the government asked the motions judge to accept on faith the credibility of a presumptively suspect and unreliable witness—a witness about whom the judge was told virtually nothing beyond the fact of his involvement in the crime charged. The government's bare-bones presentation left the judge without a sound basis to conclude that a jury would be likely to credit the testimony of this compromised witness at trial. I therefore would hold that the government was not entitled to a judicial finding by the requisite "substantial probability" that Bryan committed the crime of violence with which he is charged. It follows from my view that the statutory presumption of dangerousness could not be drawn, and without it the order of pretrial detention should not stand.

statute, *see* D.C.Code § 23–1322(h) (2001), and that the charges against Bryan had been dismissed on October 16, 2003. This development meant that Bryan's detention hearing would not be reopened because he was no longer subject to pretrial detention. Nevertheless, the parties continue to request that we vacate the opinion in *Bryan I.*

The parties' joint motion explains that following the issuance of *Bryan I*, the United States revealed to Bryan's attorneys that when Witness One implicated Bryan, he did so in connection with a plea bargain.[5] Since this revelation undermined the premises on which the detention order was issued and affirmed, the United States agreed (before it dropped the charges) not to oppose a motion by Bryan to reopen the detention hearing. *See* D.C.Code § 23–1322(d)(6) (2001) (permitting reopening if there is new information that has "a material bearing" on the issues). The joint motion goes on to state that if the appellate lawyers for the United States had learned the newly disclosed information earlier, "it seems likely" that they would have revealed it to Bryan's lawyers before this court issued its opinion. "That likely would have resulted,"

the parties tell us, "in a joint motion to dismiss the appeal as moot and no opinion would have issued" in *Bryan I* in the first place.

In light of these considerations, the parties request what they term "an appropriate and equitable use of an equitable remedy," namely, vacatur. The parties have articulated four grounds for granting their request. The first ground, emphasized by Bryan, is that we would not have decided *Bryan I* as we did if Witness One's plea bargain had been revealed earlier. The second ground, in which both parties join, is to ensure that our decision in *Bryan I* does not prejudice Bryan in a reopened pretrial detention hearing.[6] The third ground, emphasized by the government, is to avoid a petition for rehearing or rehearing en banc, which Bryan has stated he would file if necessary. Having changed its position on the need to detain Bryan, the United States professes to see little value in opposing a rehearing petition in order to defend its victory in *Bryan I.* "From the point of view of the United States, it seems wasteful to commit the attorney and judicial resources necessary to litigate and resolve such a petition" at this juncture.[7] Finally, explicitly acknowl-

---

*Id.*

5. Specifically, the United States made the following disclosures in a letter dated September 24, 2003, which is attached as an exhibit to the parties' vacatur motion:

    Witness One was debriefed by a prosecutor and a detective on May 1, 2003 and signed a standard debriefing letter on May 1, 2003. A prosecutor and a detective met with Witness One on June 26, 2003. On that date, Witness One signed a plea agreement, admitting to his involvement in the case involving your client and implicating your client in that case. After signing a written plea agreement, Witness One spoke to the prosecutor and the detective about the case in which he signed the plea agreement. On July [17], 2003, a detective applied for a

warrant for your client and it was signed by a D.C. Superior Court judge. On July 17, 2003, Witness One pleaded guilty in court, pursuant to the earlier June 26 written plea agreement, admitting responsibility for the crime involving your client and for others.

6. Since the limited time period for which the statute permits pretrial detention has run in Bryan's case, this ground presumably is no longer applicable.

7. Even if the issue of Bryan's own pretrial detention is moot, the possibility remains that Bryan could seek rehearing or rehearing en banc by invoking the exception to the doctrine of mootness for issues that are capable of repetition but evasive of review. *See Pope, supra*, n. 2, 739 A.2d at 824 n. 12; *Lynch v.*

edging the apparent mootness of Bryan's challenge to his own pretrial detention, the parties agree that this court has the authority to vacate its decision in order to "protect the losing party [Bryan] from the collateral effects of a judgment that [he] might have been able to have overturned but for the mooting event." *Clarke v. United States*, 286 U.S.App. D.C. 256, 264, 915 F.2d 699, 707 (1990) (en banc) (vacating panel opinion when case became moot before mandate issued and while petition for rehearing en banc was pending).[8]

Vacatur is an "extraordinary" remedy that is "reserved for exceptional situations." [9] *Udebiuwa v. District of Columbia Bd. of Med.*, 818 A.2d 160, 162 (D.C. 2003). While a division of this court has discretion to vacate its own opinion, *see Wheeler v. Goulart*, 623 A.2d 1177, 1178 (D.C.1993), that discretion must be exercised cautiously and must be justified adequately. Judicial precedents "are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Udebiuwa*, 818 A.2d at 162 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (internal quotation marks and citation omitted)). We do not vacate opinions merely because the parties subsequently settle their differences and ask us to return them to the *status quo ante* by erasing our decision in their case from the public record. In the ordinary situation, the losing party's proper, and only, recourse is to petition this court for rehearing or rehearing en banc. *See* footnote 8, *supra*.

Nonetheless, the parties' representations satisfy me that the situation here is "extraordinary" and that vacatur without rehearing is in the public interest in this case. The United States secured a decision in its favor in *Bryan I* by withholding material information from the motions judge and from this court. In ordering Bryan detained in jail for up to one hundred days before trial, the motions judge stated on the record that he relied on the absence of any evidence that Witness One had been induced to implicate Bryan. Government counsel knew that the truth was otherwise but failed to enlighten the judge by disclosing that Witness One had implicated Bryan as part of a plea bargain. That fact remained undisclosed on appeal (until now), and this court upheld the detention order.[10] In the process, this court was put in the position of having to decide important questions of law arising under the pretrial detention statute, unnecessarily and on a bare record. The division regrettably could not agree on those questions and produced a majority and a dissenting opinion. This unfortunate result could and should have been avoided. The government concedes that Witness One's plea bargain was material to the outcome on appeal (had it been disclosed in time,

United States, 557 A.2d 580, 582 (D.C.1989) (en banc); *United States v. Edwards, supra* 430 A.2d at n. 2, 1324; *cf. McClain v. United States*, 601 A.2d 80, 82 (D.C.1992).

8. The parties have not addressed whether such collateral effects may exist in this case, however.

9. Except, of course, when a decision of this court is vacated for purposes of rehearing by the division itself or by the full court sitting en banc. As the dissenting judge in this appeal,

I readily would vacate the majority opinion in this case for the purpose of deciding the appeal differently on the merits. We are not being asked to vacate the opinion on that basis, however.

10. I do not suggest that it was the government's appellate attorneys who withheld the information in question. The parties represent in their joint motion that the government's appellate attorneys did not learn of Witness One's plea agreement until after this court issued its opinion in *Bryan I*.

"no opinion would have issued") and that it should have been divulged earlier. Although the government was the prevailing party, it does not seek to preserve an appellate victory tarnished as this one was. The government would rather see *Bryan I* vacated than have to defend it against a petition for rehearing or rehearing en banc.

Since the majority opinion in *Bryan I* reflects a misapprehension of the true state of affairs and never should have issued, I agree with my colleagues and the parties that vacatur is an appropriate equitable remedy. *Cf. Harris v. District of Columbia Dep't of Employment Servs.*, 648 A.2d 672, 674 (D.C.1994) (per curiam)

(vacating earlier opinion "since it is advisory and resolves an issue that, in light of new information, is no longer an issue on appeal and because the petition for rehearing and rehearing en banc was still pending"); *Wheeler,* 623 A.2d at 1178 n. 4 (noting that this court previously has vacated published opinions on account of "events occurring prior to the issuance of the opinion but unknown to this court at the time of the issuance").